CASE 6—INDICTMENT FOR RAPE—DECEMBER 6.

## Blanks v. Commonwealth.

APPEAL FROM GRAVES CIRCUIT COURT.

1. CRIMINAL LAW—INDICTMENT—DUPLICITY—RAPE.—In an indictment for rape the allegation that the prosecutrix was under twelve years of age did not charge an additional statutory offense and a motion to elect and demurrer for duplicity were properly overruled.

2. CRIMINAL LAW—CHANGE OF VENUE.—An application for change of venue is properly denied in the absence of the affidavits of disinterested, credible persons, required by Sec. 1110, Ky. Stat.

although it appears that such affidavits were refused on account of the unwillingness of such persons to voluntarily make them. It seems that the trial court has power to compel the attendance of witnesses for examination on application for change of venue where *ex parte* affidavits can not be obtained.

3. CRIMINAL LAW—CONTINUANCE.—An affidavit for continuance to enable defendant to prepare his defense is insufficient unless it show, with reasonable certainty, that additional time would enable him to procure material evidence for his defense.

AUGUSTUS E. WILLSON, FOR APPELLANT.

1. The court erred in refusing a change of venue. Ky. Stat., Sec. 1110; Constitution of U. S., Arts. V., VI., Amendments; Ky. Con. Bill of Rights, Secs. 1, 2.

2. A continuance should have been granted.

3. It was error to refuse an instruction that the Commonwealth must show to the exclusion of a reasonable doubt that the prosecutrix was under twelve years of age. The allegation of age being descriptive must be proved as laid.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLEE.

The change of venue was properly denied. Even common law grounds were not made out. Rex v. Cowle, 2 Burrowes, 834; State v. Howard, 31 Vt., 414; See also Con., Sec. 11; Ky. Stat., Sec. 1145. The right to a change of venue, however, is statutory. Wilkerson v. Com., 10 Ky. Law Rep., 656.

H. J. MOORMAN, COMMONWEALTH'S ATTORNEY, ALSO FOR APPELLEE.

1. The indictment charges but one offense. Time of the offense was immaterial. Crim. Code, Sec. 129; Faustre v. Com., 92 Ky., 34; Jones v. Com., 1 Bush, 34; Richey v. Com., 81 Ky., 524.

2. The charge of rape did not include the statutory offense of carnally knowing a female under twelve years of age. Ky. Stat., Secs. 1152, 1155; Fenston v. Com., 82 Ky., 549.

3. Change of Venue was properly denied. Ky. Stat., Sec. 1110; Wilkerson v. Com., 10 Ky. Law Rep., 656; Higgins v. Com., 14 Ky. Law Rep., 729; Dilger v. Com., 88 Ky., 550.

4. Grounds for a continuance were not made out. Crim. Code., Sec. 189; Hardesty v. Com., 11 Ky. Law Rep., 43; Prewitt v. Com., 5 Ky. Law Rep., 861.

5. The instructions given defining the offense were proper and the rejected instructions of which error is predicated were substantially included in those given.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant, Bob Blanks, was indicted by the grand jury of Graves county for the crime of rape committed upon the body of Tennie Bailey, a female under the age of twelve years. A trial resulted in a verdict and judgment sentencing the appellant to death. The appellant demurred to the indictment, and also entered a motion to require the Commonwealth to elect whether it would prosecute the defendant upon the charge of rape, or offenses included thereunder, committed on the person under twelve years or more of age. The demurrer and motion to elect were both overruled by the court. The appellant also filed an application for a change of venue, which reads as follows:

"Graves Circuit Court. Commonwealth of Kentucky, Plaintiff, v. Bob Blanks, Defendant. Petition of Defendant for Change of Venue. The defendant, Bob Blanks, respectfully applies to this honorable court for a change of venue of the prosecution in the above-styled action from this honorable court in Graves county to the circuit court of another county, and not to Ballard, Hickman, Carlisle, or Fulton counties, and makes his said application by this his petition in writing, signed by and verified by him. Your petitioner humbly states that he is a negro, friendless, poor, and unknown; that he is charged in said proceeding of committing rape upon a white girl alleged to be under the age of twelve years; that sensational rumors published in newspapers and circulated otherwise, throughout Graves, Ballard, Hickman, Fulton, and Carlisle counties, have excited passion and preju-

dice against defendant, and have created a widespread, general, and almost universal conviction and belief throughout all of said counties that your petitioner, defendant in said prosecution, is guilty of the felony charged therein; that, as he was brought to the jail in Graves county from the train in charge of a company of State guards, a great throng of excited people followed close to the soldiers, with jeers, threats, and demands for vengeance; that he was captured in Illinois, opposite the west end of this judicial district, and that capture resulted in further sensational publications in the newspapers in that part of the district, inflaming public opinion in that part of the district against this defendant; and that your petitioner is advised by counsel, and from his own personal knowledge states and humbly shows unto your honor, that because the state of public opinion in the said counties objected to, of Graves, Ballard, Hickman, Carlisle, and Fulton, this defendant can not have or secure a fair or just or impartial trial in said five counties, nor in either of them. Wherefore the defendant humbly prays the court to grant him a change of venue for the said trial of said prosecution to a county other than Graves, Ballard, Hickman, Fulton, and Carlisle counties, and will ever humbly pray. Defendant and petitioner, Bob Blanks, on oath states that the statements of the foregoing and above petition for a change of venue are true. Bob Blanks.

"Subscribed and sworn to before me by Bob Blanks, this 8th day of July, 1898. C. W. Wilson, Clk."

The petition was also supported by the following affidavit of counsel:

"Graves Circuit Court. The Commonwealth of Kentucky, Plaintiff, v. Bob Blanks, Defendant. Affidavit of

A. E. Willson for Defendant.  Augustus E. Willson on oath states that he has been appointed by the court to defend for the defendant, Bob Blanks, in the above-styled prosecution, and that, by reason  of the circumstances and conditions of the case and approaching trial, he has not been able to make a proper, fair, or just defense at this term of the court; that the indictment charges an offense so heinous, cruel, and of such enormity that it would be difficult to perfectly prepare for defense if the defendant had friends to help or the money to pay the expense of lawful and proper defense; that the accusations and rumors widely circulated have caused people generally to believe the defendant guilty of a crime which receives no mercy from anybody, and that there is such an excitement, passion, and prejudice against the defendant, on account of the popular belief that the defendant is guilty of such crime, that there is such excitement as to hinder any attempt to take any measure for defense; affiant has found a sincere desire on the part of all the officers of the court that justice be done, and only justice; that several good citizens throughout the county, and showing an honest desire that there should be a fair trial, have in good faith advised affiant that there can not be a fair trial in the present state of public excitement, and at the same time positively refuse to make affidavit to that belief in support of petition for change of venue, explaining that it would be of serious injury to them; that affiant has endeavored to find two witnesses who would make proper affidavit in support of defendant's application for a change of venue, and, in spite of the general feeling against defendant, can not find any one who will consent to do so; that affiant has done all that he could do to secure witnesses to testify to material

facts for defense herein, which facts affiant believes to be true and material to the defense, but so far affiant has been unable to secure or find all of the witnesses, or to get necessary help to find them, because of the public excitement and anger against the defendant; that the defendant is a weak, ignorant, friendless, and helpless man, who is absolutely shut off from all sympathy, help, or assistance, except such protection of the law as can be given under such condition, under guard of soldiers, where no one feels willing to give or afford him any help; that affiant is a non-resident of Graves county, and, by reason of not knowing the people or localities well, is almost powerless to render any help to the said defendant, and affiant, as counsel appointed by the court, hereby certifies that it is not possible to make any proper, just, or fair defense of said prosecution at this term of the court, or even to make or prepare and file the necessary petition and affidavits for change of venue. Petition is prepared and tendered herewith, with affidavits for verification by any two of a great many who now believe that, under the present conditions, there can not be a fair trial, so that the delay is not the fault of counsel, but because, in the present conditions, it is impracticable and impossible to find any two men willing to make oath to the statements, though many good citizens have expressed the belief of the facts which would support the application.  Augustus E. Willson.

"Sworn to before me by Augustus E. Willson, July 8, 1898.  C. W. Wilson, Clk."

The appellant also moved the court for a continuance, and filed the following affidavit in support thereof:

"Graves Circuit Court. Commonwealth of Kentucky, Plaintiff, v. Bob Blanks, Defendant. Affidavit for Defen-

dant.    The defendant, Bob Blanks, on oath states that he
is advised by counsel, and personally knows that he can
not have a fair trial at this term of this honorable court.
He states that the public mind is excited and inflamed
against affiant; that there is a very wide-spread and gen-
eral clamor to hang him; that he is a negro; that there
is a great race prejudice against negroes in this county;
that violent, excited, and inflammatory appeals to race
prejudice have been widely made throughout the country
to secure his conviction; that he is moneyless and friend-
less, almost unknown in the county; that he has not a
dollar nor a friend, and no means of procuring for himself
counsel· or help to defend him; that he can not, with any
means within his power find necessary witnesses in his be-
half, and his counsel are not procured by him, but appoint-
ed by the court, as provided by law.    He further states
that when he was arrested he was taken to the Jefferson
county jail, far from this county, because of the public
excitement and prejudice against him, aroused by sensa-
tional rumors and publications, which caused apprehen-
sion that he would be hung by a mob if kept in jail in
this county while awaiting trial; that the community and
the people generally of Graves county believe that this de-
fendant, a negro man, has actually violently raped a white
child under twelve years of age, and demand that he be
hung for it; that the person charged to have been wronged
by him was not under twelve years old, and that he did not
rape her; that she was not in any way wronged by the de-
fendant, and that she had some time before the alleged
time of the alleged offense herein been an inmate or reg-
ular attendant at a house of ill fame, and that her repu-
tation for virtue and chastity among those who knew her
and among whom she lived was bad; that because of his

being confined at Louisville until just before his trial, and the impossibility of getting any help or information since he was brought to the Graves county jail, he is not able now to state the name of the keeper of the house of ill fame, nor any name of any witness who will prove that said person was not chaste, but the name sounded, as he remembers it, like Kirkland or Kirtland,—some such name; that he has learned that said parties, who kept said house of ill fame, whatever the name, have left Graves county, and he can not, in the time left to him before the trial, find their whereabouts, but, if he could have time and opportunity to find and produce them, he would prove to them that the party called Tennie Bailey in the indictment was a habitue and attendant of a house of ill fame. He states that he never did attack nor rape, nor in any way assault, said woman, but that she solicited him and invited him, and that, if he could obtain the evidence of said parties who kept said house, it would not only impeach the testimony of said woman, but also support the evidence of consent, and that said woman was over twelve, and that said testimony is true, and that he has not been able to procure the names or attendance of said witnesses, or any witnesses; that affiant was brought from Jefferson county to this county July 4, 1898, the day before the day set for trial of this case, by guard composed of a company of militia of the Commonwealth; that when he was taken from the cars to the jail a great throng of hundreds of men and boys crowded about the soldiers all of the way from the cars to the jail, many men in the crowd shouting, 'Hang him!' 'Kill him!' 'Take him out!' applying epithets and threats of death to him, and denouncing all who would not join in taking him from the soldiers; that the soldiers have kept a large

Blanks v. Commonwealth.

guard at the jail ever since he reached it; that defendant
is in constant fear that the mob will take his life, and
he believes that if his case can be removed by the court
to a county where there is no excitement, or continued
until the excitement, clamor, and threats subside, he
could have a fair trial by a jury, not by prejudice or ex-
citement; that the circumstances of this case are most
extraordinary and unusual; that it is natural, and it is
the case, that the sensational rumors and excited talk
have created the general belief in this county that this
defendant is actually guilty of a bestial attack of a negro
on a white female child, and nothing could excite people
to a greater or more dangerous or unfair passion and
frenzy; that people fear or are reluctant to help him, or
his counsel appointed by the court, to prepare a just pre-
sentation of his case; that the excitement has swelled be-
yond that which results from mere crime or felony; that
he has not a friend on earth to perform any service for him
or give him any help;  that all the help that he has had
to prepare for trial is that given by officers of the law
as matter of duty and conscience, who could not be called
upon to go through the locality in the almost insuperable
difficulty of finding witnesses who could be compelled to
testify to the character of said woman; that he believes
that if he can have a continuance until a later term, when
the present excitement shall have subsided to some extent,
and the sentiment for only a fair trial, and absent wit-
nesses can be found to defend him whose testimony will
be true and material; that he can not give the names of
such witnesses now, because his confinement away from
here, and his enforced and absolute isolation, by reason
of his great and unceasing danger since his return, and

[4]

exclusion from all help or chances to help himself, by reason of the great public excitement and passion against him, which has made it impossible for him to secure any name of any witness or do anything whatever to defend himself from the charge here; that the principles of justice require a postponement of the trial and a change of venue.   Bob Blanks.

"Subscribed and sworn to before me by Bob Blanks, July 8, 1898.   C. W. Wilson, Clerk."

Both of which motions were overruled, with exceptions.

Defendant's motion for a new trial having been overruled, he prosecutes this appeal.

The grounds relied on for a new trial are, in substance, as follows:   (1) Because the court erred in overruling his demurrer; (2) because the court erred in overruling his motion to require the commonwealth to elect; (3) because the court erred in refusing to grant his petition for a change of venue; (4) because the court erred in refusing to postpone the trial of this action to the next term of this court; (5) because the court erred in instructing the jury in giving instructions Nos. 1, 2, 3, 4, and 5, and each of them given to the jury by the court, to which the defendant at the time excepted; (6) the court erred in refusing to give instructions A and B, offered for the defendant.

It seems to us that the indictment was sufficient, and that the court did not err in overruling appellant's motion to elect, as there was in fact but one offense charged.

It seems to us that the instructions given are as favorable to the appellant as he is entitled to, and that no error to the prejudice of his substantial rights occurred in refusing the instructions asked for by him.

It is true that the affidavit for a continuance tended to show that defendant had been in jail in a distant part

of the State for a considerable time prior to the trial, and if he had been able to show from his affidavit that further time would have, with reasonable certainty, enabled him to procure material evidence to support his defense, a postponement of the trial should have been adjudged; but, inasmuch as his affidavit failed to show even a strong probability that a postponement would enable him to procure material evidence to support his defense, we are not inclined to the opinion that the refusal of the court to grant a continuance constitutes a reversible error.

It is insisted for appellant, however, that the affidavit of counsel and the petition of appellant show that a fair trial could not be had in Graves county, and that, notwithstanding the fact that the statute requires a petition for a change of venue to be supported by at least two affidavits of citizens of the county in order to authorize a change of venue, yet if, on account of the prejudice existing against the defendant, the requisite affidavits can not be obtained, the Constitution authorizes and requires a change of venue to be made in such cases. We are not prepared to say that in a proper case the trial judge should not, upon request of the defendant, summon witnesses before him, and compel them to testify as to the state of public mind, and, if from their testimony it appears that defendant could not have a fair trial in the county, the judge should not order a change of venue. But in the case at bar no proof was offered, or attempted to be offered, by the defendant, except his own petition and the affidavit of his attorney; hence we are not prepared to say that the court erred in overruling the motion for a change of venue. It may, however, be observed that, even if appellant had been able to make the proof

indicated in his affidavit for a continuance, yet such proof did not necessarily acquit him of the charge for which he was put upon trial. It is the province of the lawmaking power of the State, within constitutional bounds, to prescribe the conditions upon which a continuance of a prosecution may be granted, or change of 'venue be obtained, and in this case neither application has conformed to the statutory requirements; nor do we think that the case has been brought within the requirement or mandate of the Constitution which entitled the appellant to the relief sought. Judgment affirmed. Considered by the whole court.