HILDRETH v. STATE.

4539                                        217 S. W. 2d 622

Opinion delivered February 21, 1949.

W. *Harold Flowers*, for appellant.

*Ike Murry*, Attorney General and *Jeff Duty*, Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.    Appellant asks us to reverse a judgment sentencing him to death, following conviction for the crime of rape.    The most serious question concerns the trial court's refusal to grant a change of venue.

Our statute requires in part that the petition for such a transfer be supported by the affidavit of two electors who are not related to the accused in any way. Ark. Stats. (1947), § 43-1502. Instead of offering these affidavits the appellant submitted the sworn statement of three attorneys appointed to conduct his defense, to the effect that they had questioned numerous residents of Lee county and that every one of them thought Hildreth could not obtain a fair trial in the county.    Further, that these citizens refused to make affidavit lest they incur the enmity of the general public and particularly of the interested persons.

When the petition was presented, the three attorneys offered to testify to the statements made in their

affidavit, and one of them offered to swear that four members of the jury panel had told him they couldn't try the accused fairly. At this point the trial judge responded: "It is possible that the prosecuting witness herself might have been on this jury panel. I believe that he can get a fair and impartial trial in Lee county; for that reason the motion for a change of venue will be denied." The prosecution then interposed an objection to the form of the petition, but the judge stated explicitly that he would not stand upon any technicality and that if he felt that the accused could not get a fair trial he would permit the motion to be amended. "I am not dealing with the form of the motion, but the Court feels that he will obtain a fair and impartial trial."

The statute is evidently based on the premise that the accused is entitled to a change of venue when hostile public sentiment makes an impartial hearing impossible. It would be patently illogical to grant the petition when affidavits are obtainable, but to refuse relief when public feeling is so antagonistic that the affidavits cannot be had.

The court's action in refusing to hear testimony was contrary to established principles. We have held that the trial court must be guided by the evidence and cannot rely upon its own knowledge of local conditions, for the judge must not also be a witness. *Ward* v. *State,* 68 Ark. 466, 60 S. W. 31. In very similar situations the courts of our sister States have indicated that the prisoner should be given the opportunity to present his evidence. *Blanks* v. *Commonwealth,* 105 Ky. 41, 48 S. W. 161; *Mitchell* v. *State,* 43 Tex. 512; *cf. Shiver* v. *State,* 41 Fla. 630, 27 So. 36.

As far as we can tell from the printed record this appellant was tried fairly; but we cannot make that determination in the face of the unanswered possibility that the local prejudice suggested in the petition might have existed. We must conclude that the court erred in refusing to allow appellant's witnesses to testify. Had their testimony confirmed the asserted grounds for a removal of the cause, of course the State would then

have had the opportunity to submit proof to the contrary. *Robertson* v. *State,* 212 Ark. 301, 206 S. W. 2d 748.

Reversed and remanded for a new trial, at which the accused will be permitted to adduce evidence to support his petition.

Justices FRANK G. SMITH and ROBINS dissent.

ROBINS, J., dissenting. I respectfully dissent.

The General Assembly, to which our constitution (Art. 2, § 10) expressly committed the power and the duty to prescribe when and by what procedure an accused person may obtain a change of venue, has enacted that such change of venue may be obtained by making application by petition "setting forth the facts on account of which the removal is requested; and the truth of the allegations in such petition shall be supported by the affidavits of two credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way." (§ 43-1502, Ark. Stats. 1947).

Originally the statute required that the allegations in the petition be supported by the affidavit of some "credible person". Act No. 98, Acts 1873. By Act No. 93 of 1899 it was changed so as to require the supporting affidavit of "two credible persons who are qualified electors, actual residents of the county, and not related to the defendant in any way". This language was not changed when it was re-enacted as a part of Initiated Act No. 3 of 1936.

By the decision in the instant case the court is adding to the legislative prescription this amendment: That, when counsel for defendant say they are unable to obtain signature and oath of two supporting witnesses to the petition for change of venue, this requirement of the legislature, made under express constitutional authority, and re-enacted by the people in an initiated Act, *must* be disregarded by the trial court. While such an amendment might be desirable—and that question, from a practical standpoint, is open to debate—this court does not, in my humble judgment, have the power to make it.

Of course, if a petition for change of venue in proper form had been filed the refusal of the judge to hear same for the reason, as assigned by him, that he felt that accused could have a fair trial in Lee county would have been error. But in the case at bar no such petition was filed, nor did appellant offer to file same, and any reason assigned by the judge for his action, if erroneous, was harmless error, because, until a proper petition was on file, appellant had no right to invoke any ruling of the court on the question of change of venue.