**STATE OF ARKANSAS, Plaintiff,**

v.

**Ralph SHADDOX, Defendant.**

**Crim. No. 1751.**

United States District Court
W. D. Arkansas,
Harrison Division.

Dec. 7, 1966.

Robert G. Brockmann, Harrison, Ark., for defendant, Ralph Shaddox.

Bill F. Doshier, Deputy Pros. Atty., and C. E. Blackburn, Pros. Atty., 14th Judicial Dist. of Arkansas, for plaintiff, State of Arkansas.

Memorandum Opinion

HENLEY, District Judge.

This criminal prosecution in which the defendant, Ralph Shaddox, a citizen of Boone County, Arkansas, has been charged in the Circuit Court of that County with the crime of assault with intent to kill, has been removed to this Court by the defendant on the basis of 28 U.S.C.A. § 1443(1).[1] The case is now before the Court on the State's motion to remand, which motion has been submitted on a part of the State Court record

---

1. Insofar as here pertinent that section is as follows: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof * * *"

up to this point, the removal petition, the motion to remand, and the statements in support of and in opposition to the motion.

The removal petition alleges that defendant by reason of popular prejudice against him should not be tried in Boone County; that an application for a change of venue filed by him in the State court has been denied twice; and that the Arkansas constitutional and statutory provisions relating to changes of venue in criminal cases, as construed by the Supreme Court of Arkansas, are unduly burdensome and restrictive and either on their face or in application are violative of the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States.

It is not suggested that defendant is a member of any minority group. He appears to be indigent and to be a drug addict. He is presently at liberty on bail, and on September 23 of the current year the Circuit Court entered an order permitting him to leave the State temporarily for the purpose of entering the United States Public Health Service Hospital in Fort Worth, Texas, for treatment of his addiction.

Article 2, Section 10 of the Arkansas Constitution of 1874 provides among other things that an accused in a criminal case may have a change of venue "to any other county of the judicial district in which the indictment is found" upon the application of the accused "in such manner as now is, or may be, prescribed by law." [2]

Arkansas statutes governing change of venue are Ark.Stats. §§ 43–1501 through 43–1522. Those sections are derived in general from the original Criminal Code of Arkansas, as amended from time to time. The more important sections have been construed frequently by the Supreme Court of Arkansas, and there is no question as to their meaning.

Section 43–1501 provides for a change of venue from one county in the circuit to another county in the same circuit where "the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein."

Section 43–1502 provides that a change of venue may be granted on application of a defendant if the application is supported by the affidavits of two credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way. It is further provided that when an application is filed, notice shall be given to the Prosecuting Attorney, and that a hearing shall be held before the Circuit Judge who may consider the petition, the supporting affidavits, counter affidavits, and oral testimony. Under the statute the Circuit Judge either grants or denies the application.

If read literally, section 43–1502 requires the defendant to submit supporting affidavits regardless of the degree of prejudice against him in the county. However, in Hildreth v. State, 214 Ark. 710, 217 S.W.2d 622, the Supreme Court of Arkansas held to the contrary, stating (p. 712 of 214 Ark., p. 623 of 217 S.W. 2d):

"The statute is evidently based on the premise that the accused is entitled to a change of venue when hostile public sentiment makes an impartial hearing impossible. It would be patently illogical to grant the petition when affidavits are obtainable, but to refuse relief when public feeling is so antagonistic that the affidavits cannot be had."

Section 43–1507 provides that there may be only one change of venue, and a similar limitation is to be found in section 43–1518.

The foregoing are the constitutional and statutory provisions of which defendant complains. Although defendant

---

2. Boone County is located in the 14th Judicial Circuit which consists of, in addition to Boone, the counties of Cle-burne, Marion, Newton, Searcy, and Van Buren.

states that the Circuit Court has twice denied his application or applications for a change of venue, he has not brought into the record here, as he probably should have done, 28 U.S.C.A. § 1446(a), copies of his application or applications or of the orders of the Circuit Court denying it or them. The Court is not able to ascertain from the papers before it whether defendant submitted the affidavits called for by section 43–1502; nor can the Court determine the basis of the Circuit Court's denial of the applications.

In Paragraph 5 of the petition defendant attacks the Arkansas procedure for change of venue on the following grounds:

(a) That it is unconstitutional to permit the Legislature to prescribe venue change procedure.

(b) That the test of prejudice prescribed by the Arkansas Constitution is too stringent.

(c) That the burden of seeking a change of venue is put upon the defendant whereas the Circuit Judge should take the initiative "when the existence of prejudicial news is brought to his attention."

(d) That the affidavit requirement and the provisions for notice and hearing are invalid as being unduly restrictive and burdensome.

(e) That the restricting of change of venue to another county of the same judicial circuit is invalid.

(f) That the provision that a defendant may have but one change of venue is unconstitutional in that it precludes further relief if prejudicial publicity should present itself after the first change.

(g) That the decisional requirement that the affiants supporting a motion for change of venue must have knowledge of the state of mind of the inhabitants of the whole county places an unconstitutional burden on a defendant.

And in Paragraph 6 it is alleged that there has been prejudicial pre-trial publicity involved in the case; that the existence thereof has been brought to the attention of the Circuit Judge, but that relief has been denied twice.[3]

Despite certain language of this Court in State of Arkansas v. Howard, E.D. Ark., 218 F.Supp. 626, 631, the Court is willing to assume for purposes of argument that the removal petition tenders one or more substantial federal constitutional questions. It does not follow, however, that the case is removable. The defendant has a right to preserve his constitutional contentions in the Circuit Court, raise them in the Arkansas Supreme Court if he is convicted, and if his contentions are overruled in the State courts, he may seek review in the Supreme Court of the United States, or may collaterally attack his conviction in this Court by means of habeas corpus. Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. His right to remove the case to this Court for trial depends entirely upon whether he comes within the provisions of 28 U.S.C.A. § 1443(1) heretofore set forth in the margin.

In State of Arkansas v. Howard, supra, and in Rand v. State of Arkansas, W.D., Ark., 191 F.Supp. 20, decided, respectively, in 1963 and 1961, the federal courts in this State remanded to the State courts criminal prosecutions which had been removed to the federal courts on the basis of 28 U.S.C.A. § 1443. In the Rand case the defendant based jurisdiction exclusively on section 1443(1). In *Howard* the defendant relied not only on section 1443(1) but also on 1443(2) which permits removal where a person is sued or prosecuted in the State courts on account of "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

A good deal of water has flowed under the bridge during the fairly short period

3. In his brief defendant places a good deal of stress on the celebrated case of Dr. Sam Sheppard. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed. 2d 600.

of time which has elapsed since *Rand* and *Howard* were decided. Erupting civil rights demonstrations, by no means confined to the South, were productive of suits and prosecutions against the demonstrators in the State courts, which actions the demonstrators began to remove to the federal courts. Some of the defendants relied on section 1443(1), some on section 1443(2), and some on both subdivisions of the section.

The growing volume of litigation of this type and the importance of the jurisdictional questions presented prompted the Supreme Court to take a hard look at section 1443 during the October 1965 Term. On June 20 of the current year the Court decided the cases of State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. The Rachel case involved section 1443(1) only; *Peacock* involved both subdivisions of the section.

The gist of those decisions is that section 1443(1) does not permit removal merely because State court prosecution will or may result in a violation of a federal right broadly guaranteed to all persons by the Constitution of the United States, as amended, and that removal under section 1443(2) is available only to federal officers and persons assisting them in the performance of their duties.

Section 1443(2) is not involved in this case at all, and defendant must stand or fall on section 1443(1). In *Rachel,* supra, the Court said (p. 792 of 384 U.S., p. 1790 of 86 S.Ct.):

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than to the specific language of racial equality that § 1443 demands. As the Court of Appeals for the Second Circuit has concluded, § 1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights * * *.' 'When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.' People of State of New York v. Galamison, [2 Cir.], 342 F.2d 255, 269, 271. See also Gibson v. State of Mississippi, 162 U.S. 565, 585–586, 16 S.Ct. 904, 905, 906, 40 L.Ed. 1075; Com. of Kentucky v. Powers, 201 U.S. 1, 39–40, 26 S.Ct. 387, 50 L.Ed. 633; City of Greenwood, Miss. v. Peacock, 384 U.S. 808, p. 825 [86 S.Ct. 1810], 16 L.Ed.2d 944."

In view of the construction which the Supreme Court has placed upon section 1443(1) in the Rachel case, it is clear that the State's motion to remand this case must be granted. This case has no racial involvements or overtones, and the federal rights invoked by defendant are simply broad constitutional guarantees of due process of law and equal protection of the laws. There is not involved here any federal law "providing for specific civil rights stated in terms of racial equality."

An order of remand will be entered. While counsel for the defendant may be aware of it already, the Court will call attention to the fact that by virtue of section 901 of the Civil Rights Act of 1964, P.L. 88–352, 78 Stat. 266, 28 U.S. C.A. § 1447(d), an order remanding a case which has been removed to federal court under section 1443 is subject to appellate review "by appeal or otherwise."