**CITY OF WILMINGTON, Plaintiff,**

v.

**Richard F. LEWIS, Defendant.**

**Crim. A. No. 2051.**

United States District Court,
D. Delaware.

Jan. 13, 1971.

Clement C. Wood, First Asst. City Sol., Wilmington, Del., for plaintiff.

William E. Taylor, Jr., of Taylor, Lindh, Paul & Abramo, Wilmington, Del., for defendant.

OPINION

LATCHUM, District Judge.

Invoking the jurisdictional provisions of 28 U.S.C. § 1443(1) and (2),[1] Richard F. Lewis (the "petitioner") has removed to this Court a criminal prosecution commenced against him by information in the Municipal Court of the City of Wilmington. The information charges the petitioner, an operator of a motion picture theatre in Wilmington, with exhibiting obscene material, to wit, a trailer film of coming attractions titled, "Ride, Mister, Ride" and "Potpourri", in violation of the Wilmington Obscenity Ordinance, 69–166.[2]

The petitioner contends that he is a United States citizen who has been denied, and cannot enforce in any Delaware Court, including the Municipal Court of the City of Wilmington, (1) his right of freedom of speech under the First Amendment of the United States Constitution, (2) his freedom from unreasonable searches and seizures under the Fourth Amendment, (3) his privilege against self-incrimination under the Fifth Amendment, (4) his right to a fair and impartial trial in accordance with due process of law guaranteed by the Fourteenth Amendment and (5) his right to the equal protection of laws guaranteed by the Fourteenth Amendment and by 42 U.S.C. § 1983 and 18 U.S.C. § 242.

The matter is now before the Court on the motion of the City of Wilmington (the "City") to remand the case to the Municipal Court. The City contends that the case was improperly removed because this Court lacks jurisdiction under 28 U.S.C. § 1443(1) and (2). For the reasons hereinafter stated this Court concludes that the City's contention is well taken, its motion should be granted, and the case should be remanded to the Municipal Court.

■ Since the United States Supreme Court spoke in City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966), it is well settled that 28 U.S.C. § 1443, subsection (2), "is available only to federal officers and to persons assisting such officers in the performance of their official duties." Since the petitioner makes no claim to the status covered by § 1443(2), jurisdiction is not conferred upon this Court under that subsection. Accordingly, if the petitioner is entitled to removal at all, his claim must be based upon subsection (1) of that statute.

■ Subsection (1) affords a right of removal to any person who is denied or cannot enforce in the courts of a State "a right under any law providing for the equal civil rights of citizens of

1. 28 U.S.C. § 1443 reads:
   "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
   (2), For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

2. Ordinance 69–166 in part provides that a person is guilty of an offense when he knowingly or recklessly exhibits any obscene material and upon conviction is subject to a fine of not more than $500 or imprisonment for not more than 90 days or both. Sec. 3 of the Ordinance defines "obscene" as follows:

   "Material is obscene if it has no redeeming social value and, considered as a whole, its predominant appeal is to prurient, shameful, or morbid interest in nudity, sex, excretion, sadism, or masochism and it goes substantially beyond customary limits of candor in describing or presenting such matters. Predominant appeal shall be judged with reference to ordinary adults unless it appears from the character of the material or the circumstances of its dissemination to be designed for children or some other specially susceptible audience."

the United States, or of all persons within the jurisdiction thereof." In construing the scope of this subsection, the United States Supreme Court stated in Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966):

> "On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law *providing for specific civil rights stated in terms of racial equality.* Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." (Emphasis supplied.)

It is apparent in this case that the petitioner does not seek the protection of any law "providing for specific civil rights stated in terms of racial equality." He is a Caucasian who is charged with exhibiting an obscene film in his public movie theatre. Georgia v. Rachel, supra, teaches that his removal petition, which alleges infringement of "broad constitutional guarantees", is insufficient to confer jurisdiction upon this Court under § 1443(1) in the absence of any racial overtones.

Basically the petitioner complains that a search warrant was issued which this Court, in another proceeding, found to be illegal and invalid, that his arrest warrant was issued by a non-judicial officer without probable cause, and that a subpoena duces tecum has been issued by the City Solicitor in violation of his right against self-incrimination, his right to counsel and his right to freedom from unlawful searches and seizures. While these complaints, directed to actions of the prosecutorial and judicial authorities of the State, may raise colorable constitutional claims, they do not suggest a discrimination against any class of persons in violation of a specific statute providing for equal civil rights for all races, an essential element for conferring removal jurisdiction upon this Court. Commonwealth of Pennsylvania v. Civill, 313 F.Supp. 1318, 1321 (W.D.Pa.1970); State of Connecticut v. Ingram, 300 F.Supp. 1153, 1155 (D. Conn.1969).

Moreover, even if the petitioner could show that he relies upon a right created by a statute providing for equal civil rights to all races, he must also show that he is "denied or cannot enforce" that right in the Delaware courts. Georgia v. Rachel, supra, 384 U.S. at 788, 86 S.Ct. 1783. His prediction of the likelihood of such a denial is insufficient. The denial must "be manifest in a formal expression of state law" or there must be "an equivalent basis * * * for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." Georgia v. Rachel, supra at 803–804, 86 S.Ct. at 1796.

The petitioner does not point to any Delaware statute denying or abrogating his rights or to any "equivalent basis" assuring this Court that his constitutional rights will not be respected by the State courts. Rather, he asks this Court to make a prediction and find, on the basis of certain pretrial activity, that the petitioner will be denied a fair trial and treatment in the Delaware courts. Yet, it is clear that the petitioner has made no effort to raise his claims and objections in the Municipal Court or in any other Delaware court. The Supreme Court has provided an answer to such a request. In City of Greenwood v. Peacock, supra, the Court refused to presume that a defendant would be unable to get adequate relief in the State court. The Supreme Court said, supra,

**1038**

384 U.S. at 827–828, 86 S.Ct. at 1812, 16 L.Ed.2d 944:

"[N]o federal law confers immunity from state prosecution * * *. It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

On the basis of the present record and the controlling law, this Court cannot presume that the Delaware courts, including the Municipal Court of the City of Wilmington, will not fully protect the petitioner's claimed rights. Chestnut v. People of State of New York, 370 F.2d 1, 6 (C.A. 2, 1966), cert. den. 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967).

Accordingly, it is concluded that this Court lacks jurisdiction under § 1443(1) and (2) and an order will be entered remanding the case to the Municipal Court of the City of Wilmington.