James T. COLLIER *v.* HOT SPRINGS
SAVINGS & LOAN ASSOCIATION

80-202                                            612 S.W. 2d 730

Supreme Court of Arkansas
Opinion delivered March 16, 1981

*Q. Byrum Hurst, Jr.* and *Stephany Rush*, for appellant.

*Eichenbaum, Scott, Miller, Crockett, Darr & Hawk* and *Wright, Lindsey & Jennings*, for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Hot Springs Savings & Loan Association, filed suit alleging

appellant, James T. Collier, while employed as its vice president, fraudulently converted over $900,000 of appellee's funds. Based on the pleadings, admissions, and affidavits on file, the circuit court found there remained no genuine issue as to any fact and granted summary judgment from which appellant appeals.

Appellee served appellant with a request for admissions pursuant to Ark. Stat. Ann. § 28-358 (Supp. 1977). Appellant filed a timely motion for an extension of time in which to answer and, then, belatedly filed a response to the request for admissions. Since the circuit court found that appellant's response was untimely and insufficient, the matters set forth in the request for admissions were deemed admitted.

Appellant argues that his timely motion for extension was granted under Rule 78, Ark. Rules of Civ. Proc., since appellee failed to either object or respond to it; he concludes that the trial court, therefore, erred in deeming appellee's requests for admissions admitted. We find no merit in this contention. The burden of obtaining a ruling falls upon the movant; and, the failure to secure one constitutes a waiver of said motion precluding its consideration on appeal. *Rea* v. *Ruff*, 265 Ark. 678, 580 S.W. 2d 471 (1979).

As his next point for reversal appellant asserts that the trial court erred in granting a summary judgment by finding no genuine issues of material fact remaining for trial. We do not reach the merits of this issue since appellant has failed to abstract the request for admissions which is a material part of the record necessary to decide this issue. Rule 9 (d), Rules of the Supreme Court (Ark. Stat. Ann., Vol. 3A, p. 486 [Repl. 1979]). Since we, therefore, cannot determine what fact issues remained for trial, we must affirm under Rule 9 (e) (2). *Bank of Ozark* v. *Isaacs*, 263 Ark. 113, 563 S.W. 2d 707 (1978). *Smith* v. *Bullard*, 271 Ark. 794 (1981).

Appellant has invoked the jurisdiction of this court under Rule 29, Rules of the Supreme Court and Court of Appeals, alleging deprivation of his rights under the Arkansas Constitution. More specifically, he contends that he "did not enjoy the equality before the law that any citizen of the

State of Arkansas should expect" and cites the "Constitution of Arkansas, Article II, Section 1, 2, 3, and 7." However, generalized contentions that one's constitutional rights have been violated are insufficient to invoke the jurisdiction of the Arkansas Supreme Court under Rule 29 (1) (a); in the future we will not maintain jurisdiction in such cases.

Affirmed.