Joel McDANIEL *v.* STATE of Arkansas

CR 84-18                                    666 S.W.2d 400

Supreme Court of Arkansas
Opinion delivered April 2, 1984

Petitioner, *Pro Se.*

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Joel McDaniel was convicted by a jury of possession and delivery of LSD and sentenced to a term of 15 years imprisonment in the Arkansas Department of Correction. Probation of a four and one-half year suspended sentence on an earlier conviction was also revoked. The Court of Appeals affirmed the LSD conviction but reversed and remanded the revocation decision. *McDan-*

*iel* v. *State,* CACR 83-10 (June 29, 1983). Petitioner now seeks permission to proceed in circuit court for post-conviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner first alleges that his trial attorney was ineffective in that his pretrial investigation was inadequate. He contends that counsel should have (1) confirmed the exact location of the drug sale; (2) examined the prosecutor's file; (3) taken the deposition of the state's witnesses; and (4) found out that petitioner had been under surveillance at the time the drug sale was made. To prevail on the allegation that counsel was ineffective in failing to prepare an adequate defense, petitioner would have to show by clear and convincing evidence that he was prejudiced by counsel's failure to act and that the prejudice was such that he was denied a fair trial. *Hill* v. *State,* 278, Ark. 194, 644 S.W.2d 282 (1983). Petitioner has not demonstrated that he was denied a fair trial. He offers very little factual support for the allegations. Essentially he is arguing that there was evidence that could have been produced and ways to influence the jury to a verdict favorable to the defense if counsel had employed better trial strategy. Matters of trial strategy, however, are open to debate by experienced counsel and are not grounds for relief under our postconviction rule. *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973). A showing of improvident strategy, mere error, omission or mistake will not suffice to establish counsel's incompetence. *Leasure* v. *State.*

A police informant testified that she went to petitioner's grandmother's house on the night of the drug sale. Petitioner alleges that counsel should have objected to the testimony and asked for a continuance or mistrial on the ground that her testimony was a "surprise tactic." He has attached the affidavits of three witnesses who he alleges were available to testify that he was not at the house and that the informer did not go there. Three policemen testified that petitioner was at the house. Counsel called four witnesses who testified that petitioner was at his brother's house when the informant said he was with her. The decision to call some witnesses and not others is a tactical one within the realm of judgment of counsel. *Hill* v. *State; Swindler* v.

*State,* 272 Ark. 340; 617 S.W.2d 1 (1981). The mere fact that other witnesses could have testified does not mean that counsel was ineffective in not seeking a continuance to secure their testimony.

With regard to the three affidavits and two others that petitioner has attached to his petition, it appears that the affidavits are at least in part intended to be new evidence to be made a part of the record. If this is petitioner's intention, Rule 37 was not designed as a means to add evidence to the record. See *Chisum* v. *State,* 274 Ark. 332, 625 S.W.2d 448 (1981).

Petitioner next alleges that his wife was not allowed to use the "evidence folder" when she testified. It is not clear from the record to what folder petitioner refers, but the allegation appears to be that counsel had a folder with documentary evidence to support petitioner's alibi defense but the evidence was ruled inadmissible on the ground that the documents did not appear on the defense list of items to be introduced at trial. While petitioner contends that counsel was remiss in not seeing to it that the evidence was admissible, he fails to state specifically what evidence was excluded. The conclusory allegation that it would have supported petitioner's alibi does not warrant an evidentiary hearing.

Petitioner asserts that counsel lacked the customary skill of a competent attorney in the area of witness examination. He cites several questions that could have been asked which would have elicited favorable evidence. Like the calling of witnesses, the questioning of witnesses is a matter of trial tactics and strategy about which competent attorneys could disagree. Rule 37 does not provide a forum for dissecting counsel's examination of witnesses. See *Leasure* v. *State.*

When petitioner testified in his own behalf, counsel asked him whether he had used marijuana in the past. He replied that he had tried it once or twice, but on cross-examination he conceded that he had a prior conviction involving marijuana. Petitioner now alleges that counsel

advised him that the state could not bring up the previous conviction unless the subject of prior drug use was raised on direct examination. He contends that he would not have taken the stand had he known that the prior conviction would be brought to the jury's attention. When an accused takes the stand he may be asked as a means of attacking his credibility whether he has been convicted of a crime, unless the probative value of the testimony does not outweigh its prejudicial effect. Unif. R. Evid., Rule 609. The question of whether the accused should take the stand is a difficult one, particularly where the accused has been previously convicted of a crime. Ordinarily, it is a question of trial strategy and outside the purview of Rule 37, but in petitioner's case he is alleging that counsel gave him erroneous advice about the rules of evidence and thus caused him to testify to a fact that prejudiced him. As with all allegations of ineffective assistance of counsel, petitioner must demonstrate by clear and convincing evidence not only that counsel's conduct prejudiced him but that it denied him a fair trial. This is a heavy burden which petitioner has not met. The purpose of Rule 609(a) is to allow the witness's credibility to be impeached. *Floyd* v. *State,* 278 Ark. 342, 645 S.W.2d 690 (1983). The rule does not permit proof of an earlier crime merely to bolster the prosecution's case by showing that the accused is of bad character and likely to commit other crimes. *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981). Here, petitioner's credibility may have been affected adversely by his testimony, but the effect was not so prejudicial that it tainted his entire trial to the degree that the proceeding was unfair. Even if petitioner would have been better off not taking the stand, mere mistakes on counsel's part do not establish the denial of a fair trial. *Hayes* v. *State,* 280 Ark. 509, 660 S.W.2d 648 (1983).

Petitioner's final allegation concerns comments made by the prosecutor in closing argument that petitioner was a dope dealer, his witnesses were dope smokers and his wife was willing to lie to gain his acquittal. Defense counsel reminded the jury that it had been instructed that closing argument was not evidence. Counsel went on to take issue with the state's characterizations of petitioner, his wife and his witnesses. It was for the jury to decide whether the

evidence justified the inferences drawn by both the defense and the prosecution.

Petition denied.