Edward Leon DOUTHITT *v.*
STATE of Arkansas

CR 84-47                                       671 S.W.2d 746

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Scott Adams,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant, Edward Leon Douthitt, was charged with aggravated robbery. On the day of trial, the appellant pled guilty and was sentenced to thirty years in prison with the stipulation that he serve at least one-third of the sentence. The appellant filed a motion for post-conviction relief, alleging ineffective assistance of counsel. A hearing was held, and the motion was denied. It is from that decision that this appeal is brought. We affirm.

The appellant argues that the evidence shows that his

attorney advised him that he would not be sentenced to more than seven years if he pled guilty, and that he would only actually have to serve one-sixth of that time. The appellant testified at the evidentiary hearing that his attorney told him he would not receive a longer prison sentence than the others involved in the same crime received. The appellant maintains that he was prejudiced by his attorney's remarks because he would have taken his chances with the jury if he had known that there was any chance he would receive a thirty year term.

Counsel is presumed competent, *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982), and to prove ineffective assistance of counsel, appellant must overcome that presumption and show by clear and convincing evidence that he was prejudiced by his counsel's actions. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984). On appeal, we reverse the trial court's denial of post-conviction relief only if the trial court's findings are clearly against the preponderance of the evidence. *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). The evidence here supports the trial court's findings.

The record reveals that when the appellant pled guilty, he was informed by the trial judge that he was subject to a minimum term of ten years and a maximum term of fifty years and a fine of $15,000. The guilty plea statement signed by the appellant again set out the minimum and maximum prison terms and included a statement which read as follows:

> I declare that no officer or agent of any branch of government . . ., *nor my lawyer* (emphasis added), nor any other person, has made any promise of any kind to me or within my knowledge to anyone else, that I will receive a lesser sentence, or probation, or any other form of leniency if I plead "Guilty," except as to the recommendation contained herein on the plea agreement offered by the prosecuting attorney.

The portion of the statement where the plea and sentence recommendation is set out is blank since there was no plea agreement involved in the appellant's plea. At his sentenc-

ing, the appellant was informed for the third time of the possible sentences he could receive. He refused the opportunity to make a statement before formal sentencing and, after the thirty year sentence was imposed, he made no comment.

At the evidentiary hearing on the Rule 37 petition, the appellant's testimony about his attorney's statements to him was as follows:

> Q: I would like for you to tell the Court in your own words the events that led up to your guilty plea and your eventual sentence to (30) years?

> A: Well, I asked the attorney if I had a ch---- what chances I had and he said I probably didn't have a change to beat it. And I said, "What chance would I have of -- or what probably I would get if I plead guilty?" And he said, "You shouldn't get over (7) year, no one else did." I said, "Fine, if I can get something of that nature, well, let's go plead guilty." . . .

> Q: . . . Did your attorney, at the time you were considering your plea, explain various options as far as minimum and maximum terms and the amount of time that you would likely have to spend in jail if you pled guilty?

> A: Well, no, uh, I didn't uh -- the only thing is that, uh, you know, the reason he said that -- he said that, you know, everyone else involved -- no one got over (7) year, and you shouldn't -- you shouldn't either, you know, more than likely. And I said, "Well, fine," you know. Of course, uh -- . . .

> Q: All right, Mr. Douthitt, the day that you were here for your plea, I believe that the Judge asked you if your were satisfied with your attorney and you did answer yes, is that correct?

> A: Yes. . . .

Q: Okay. You indicated that the attorney told you that more than likely you wouldn't get any more than the others that were involved?

A: Yes.

Q: But you knew that there was some different involvement as far as you were concerned and as far as they were concerned, is that correct?

A: Yes.

Q: Okay. Were you aware of the fact that the attorney couldn't promise or guarantee you what Judge Eddy was going to do?

A: No, I wouldn't aware -- well, I guess I was yes. He--.
. . .

Q: Did you read that, or was it read to you before you signed the Guilty Plea Statement?

A: I presume I did.

Q: Did you read this form?

A: Oh, yes; yeah, I read that. . . .

Q: Well, at the time he [the attorney] told you that, [that he would likely receive seven years] did you feel that was his guess?

A: Well, I just, uh, as I guess you'd call it an expert opinion. I guess if you call it a guess, you can.

The appellant's attorney also testified at the hearing. He stated that the appellant asked him, "What do you think my chances are if I plead guilty?" He replied, "Well, the Judge gave Riley (7) years, and Riley is the one that actually did the robbery. And I don't know what he would do, but you know, I don't think it would be much more than what Riley got." When asked if he had made any "actual promises

or guarantees," the attorney answered, "I have not done that in (30) years, because the Judge is the only one who can pronounce the sentence; I cannot."

The trial judge ruled against the appellant at the close of the hearing and stated:

> I don't see anything in the conduct of your defense and your representation . . . or his advice and consultation that would constitute ineffective assistance of counsel in this matter and your petition will be denied. What went on between you and him goes on a lot of times between lawyer an client. You weigh your chances, you make a decision, you take your chances. And as far as I am concerned, you live with the results. No one can know beforehand what will be imposed in such a situation. And I don't believe [the attorney] promised you that you would get no more than (7) years. I do believe seven years was mentioned, but I do believe it is normal to talk about a certain number of years anytime you enter a plea of guilty. In your instance you under guessed it.

We agree. We have stated many times that "[a] showing of improvident strategy, mere error, omission or mistake will not suffice to establish counsel's incompetence." *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984); *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973). Here, the attorney was mistaken about the amount of time that the appellant would receive if he pled guilty. That in itself is insufficient to overcome the presumption that counsel is competent.

Furthermore, in *Moore* v. *State*, 273 Ark. 231, 617 S.W.2d 855 (1981), we held that the appellant did not prove ineffective assistance of counsel in a Rule 37 petition where the appellant failed to indicate that he was dissatisfied with his attorney on the two occasions that he had an opportunity to do so. We stated in *Moore* that:

> In *Horn* v. *State*, 254 Ark. 651, 495 S.W.2d 152 (1973), we dealt with a similar question of whether statements by counsel concerning the possible sentence that could

be received at trial amounted to ineffective assistance of counsel. There we found that the trial court had questioned the defendant on this very matter to make certain that the plea was freely and voluntarily made. We held that Horn could not claim ineffective assistance of counsel since he had the opportunity to raise this issue prior to his plea, and the same is true for Moore.

The same is also true for the appellant in this case.

Affirmed.

DUDLEY, J., not participating.