Leroy WILLIAMS *v.* STATE of Arkansas

CR 85-201                                            709 S.W.2d 80

Supreme Court of Arkansas
Opinion delivered May 19, 1986

70

*Q. Byrum Hurst, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant was convicted of first degree murder for the shooting death of Johnny Lampkins at the Varsity Bar in Pine Bluff, Arkansas. He was sentenced to life imprisonment and, on appeal, challenges the sufficiency of the evidence and the trial court's denial of his motion for a new trial. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b). We affirm.

■■ On appellate review of a criminal case, we determine whether the verdict is supported by substantial evidence, which means whether the jury could have reached its conclusion without having to resort to speculation or conjecture. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983). In determining the sufficiency of the evidence it is permissible to consider only the testimony that tends to support the verdict of guilt. *Id.*

Here, the state medical examiner testified that Lampkins died of a shotgun blast to the chest. The state then offered the testimony of four eyewitnesses. The first, Rickey Winston, was with Lampkins when he was shot, and identified the appellant as the man who shot him. Lonzo Eans, who was sitting in front of his gas station located near the Varsity Club, testified he saw the appellant pull up in front of the club in a truck, get a shotgun from the truck, stick the gun in the door of the club, fire it, and then put the gun back in the truck and drive off. Curtis Thorns, who was with Eans, testified to substantially the same story. Irene Akins, the appellant's sister-in-law, testified she was standing near the Varsity Club, between Howlett's Diner and the street, when she saw the appellant, who was carrying a gun, walk between Howlett's and the Varsity Club to the door of the Varsity Club. She then heard a gunshot.

■ Appellant's argument as to the sufficiency of the evidence primarily concerns the credibility of these witnesses. We have repeatedly held that it is the province of the jury to determine the credibility of the witnesses and this court will not disturb their findings regarding credibility. *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). For these reasons, the appellant's contention is without merit.

■ The appellant further contends that the state did not meet its burden of proving premeditation. Inasmuch as premeditation, deliberation, and intent may all be inferred from the circumstances, such as the weapon used, the manner in which it was used, the wounds inflicted, and the conduct of the accused, *McLemore* v. *State*, 274 Ark. 527, 626 S.W.2d 364 (1982), we find the state met its burden of proof.

■ A collateral point discussed in the state's brief and the appellant's reply brief, is the trial court's refusal of appellant's request to take the jury to visit the crime scene. Appellant maintains that, had the jury been taken to the scene, it would have affected their view of the credibility of some of the testimony. A request to view a place pertinent to a material fact is a matter within the trial court's discretion and denial of the request is not a ground for reversal absent an abuse of that discretion. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984). Appellant has not demonstrated such an abuse of discretion.

■ The final issue raised by appellant is styled as an objection to the trial court's failure to grant his motion for new trial because a necessary witness was absent from the trial. In his brief, however, appellant argues the trial court should have granted him a continuance until he could obtain the presence of this witness. No such continuance was ever sought and that issue, therefore, need not be addressed.

■ As to the motion for a new trial, the trial judge never ruled on this motion. We have held numerous times that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal. *Collier* v. *Hot Springs Savings & Loan Ass'n*, 272 Ark. 162, 612 S.W.2d 730 (1981); *Phillips* v. *State*, 266 Ark. 883, 587 S.W.2d 83 (Ark. App. 1979).

Even if this issue were properly preserved for appeal, we would affirm the trial court's ruling. The absent witness was Lois Akins, the husband of Irene Akins. Appellant maintains Lois would have testified that he was with his wife on the day of the shooting and did not see the appellant walk between the two buildings carrying a gun as Irene testified. Evidence which only attacks the credibility of other testimony is not grounds for a new trial. *Orsini* v. *State*, *supra*; and *Williams* v. *State*, 252 Ark.

1289, 482 S.W.2d 810 (1972).

Pursuant to Sup. Ct. R. 11(f) and Ark. Stat. Ann. § 43-2725 (Repl. 1977) we have considered all objections brought to our attention in the abstract and briefs. We find no prejudicial error and accordingly the judgment appealed from is affirmed.

PURTLE, J., not participating.