Steven D. HILL *v.* STATE of Arkansas

CR 85-212                                    728 S.W.2d 510

Supreme Court of Arkansas
Opinion delivered May 4, 1987

*Charles L. Carpenter, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Mary Beth Sudduth,* Asst. Att'y Gen., for appellee.

PER CURIAM. This matter is before us on a petition for permission to proceed under A.R.Cr.P. Rule 37. The appellant was convicted of capital murder and sentenced to death. His conviction was appealed to this Court and affirmed in *Hill* v. *State,* 289 Ark. 387, 713 S.W.2d 233 (1986), cert. denied, __U.S.__, 107 S. Ct. 1331 (1987). The petition seeks permission to proceed under Rule 37 on the ground of ineffective assistance of counsel, at both the guilt phase and penalty phase of the trial.

In order to be entitled to proceed pursuant to Rule 37 the petitioner must show that defense counsel was not only ineffective, but that such ineffectiveness deprived him of a fair trial and produced an outcome which cannot be relied on as just. *Strickland* v. *Washington,* 466 U.S. 688 (1984). There is a strong presumption that the conduct of defense counsel is within the range of reasonable professional assistance. Allegations of mistakes in trial tactics and strategy are not normally grounds upon which we can grant post-conviction relief. *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973). Mere error or unsound advice do not necessarily require a new trial. *Hayes* v. *State,* 280 Ark. 509, 660 S.W.2d 648 (1983).

The first allegation concerning ineffective assistance of counsel is that counsel failed to file a motion to prohibit the state from seeking the death penalty because it is disproportionately imposed when the victim is white. This type motion is based upon the theory that blacks are disproportionately sentenced to death when the victim is white. The United States Supreme Court has recently rejected this argument. See *McCleskey* v. *Kemp,* __ U.S. __, 107 S. Ct. 1756 (1987). Moreover, in the present case, both petitioner and the victim were white.

The second allegation of ineffective assistance of counsel is the failure to call witnesses in the penalty phase of the trial.

Petitioner states that certain named witnesses would have "presented the varying conduct and circumstances of Hills' upbringing and current age for the jury to properly weigh the mitigating factor." Included among these witnesses was Dr. Roy Ragsdill, a psychologist, who would have testified that he diagnosed Hill as having an antisocial personality disorder. The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice which denied petitioner a fair trial. *Isom* v. *State*, 284 Ark. 427, 682 S.W.2d 755 (1985). The thrust of this argument was to emphasize the youthfulness of the petitioner. The petitioner's age was already before the jury. The petitioner has failed to state what the witnesses would have testified to if called, or explain why this testimony would have been important. Therefore, this allegation of ineffectiveness is not sufficient to cast doubt on the outcome of the trial.

The chief argument on the above assertion is that it cannot be determined whether prejudice resulted from the failure to call these witnesses unless there is a hearing to develop their testimony. Rule 37 is not an exploratory procedure nor is it a license to take depositions. For the reasons stated earlier, the petitioner has not demonstrated that prejudicial error occurred as a result of his counsel's failure to call these witnesses.

Another allegation is that the prosecutor was allowed to use the wrong gun in his argument and demonstration to the jury. This matter was disposed of on the first appeal.

Another argument is that petitioner was not advised of his right to testify during the penalty phase. We stated in *Isom*, supra:

> Nevertheless a petitioner must do more than simply state that he was not allowed to testify. He must state specifically what the contents of his testimony would have been and demonstrate that his failure to testify resulted in actual prejudice to his defense.

The petitioner has not demonstrated that his failure to testify resulted in actual prejudice to him.

The final argument is that counsel was ineffective in failing

to open the record to include a petition for writ of error coram nobis and the "confession" of a co-defendant that he, not Hill, shot the victim. Even if the record on appeal did not include this material, the petitioner has failed to show any prejudice resulted therefrom because such a petition was filed, and considered and denied by per curiam dated December 9, 1985. See *Hill* v. *State*, 289 Ark. at 398.

■ The petition to proceed pursuant to A.R.Cr.P. Rule 37 fails to demonstrate that the petitioner did not receive a fair trial. Most of the matters alleged in the petition were considered, or could have been considered, on direct appeal. We have discussed all of the other allegations and find that there is no basis for granting a hearing on the petition.

Petition denied.