Avery Nathan RICHARDSON *v.* STATE of Arkansas

CR 86-223                                                    728 S.W.2d 189

Supreme Court of Arkansas
Opinion delivered May 4, 1987

*Mark A. Colbert*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

TOM GLAZE, Justice. Appellant raises two points in his appeal from convictions for first degree murder and arson. First, he contends the trial judge erred in denying his motion for a change of venue. Second, appellant argues the court violated A.R.E. Rules 901 and 403 in admitting certain testimony. We disagree and, therefore, affirm.

Appellant has been tried and convicted three times on charges stemming from the murder of his uncle, Lester Richardson, and the arson of his home. All of the trials took place in DeWitt, the county seat of the Southern District of Arkansas County, and appellant received the maximum term each time, forty years for murder and twenty years for arson.

Before trial, appellant moved for a change of venue under Ark. Stat. Ann. § 43-1501 (Repl. 1977), alleging "that the minds of the inhabitants of the Southern District of this county are so prejudiced against the defendant that a fair and impartial trial cannot be held in said District." Appellant offered supporting affidavits from Thaddus Parker and Krista Lynch, jurors at his previous trial. In further support of his motion, appellant's attorney submitted that a poll he took of prior jurors indicated a majority felt appellant could not get a fair trial in DeWitt but were unwilling to sign affidavits to that effect because they did not want to "help the defendant" in any manner. After reviewing the affidavits and hearing the testimony of the affiants, the trial judge denied the motion, finding there was no evidence of inflamed feelings against appellant.

A change of venue should be granted only when it is clearly shown that a fair trial is not likely to be had in the county. The burden of proof is on the defendant, and the decision of the trial court will be upheld unless it is shown there was an abuse of discretion in denying the motion. *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986); *see also Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986).

While appellant offered affidavits of Parker and Lynch to support his motion, their testimony at the pre-trial hearing undermined that contained in their affidavits. Parker testified that he did not read the affidavit he signed, and thought his

signing it meant only that he had no objection to having the trial in Stuttgart, the county seat of the Northern District of Arkansas County. Parker further stated that he thought twelve jurors could be found who would hear the case fairly. While Lynch testified that she thought too many people had formed an opinion on appellant's guilt or innocence and that the case should be moved to Stuttgart, she also said she had not discussed appellant's case with anyone and thought it would be possible to find twelve jurors in the Southern District who did not know anything about the case. Lynch further stated she had not encountered any prejudice or inflamed feelings against appellant anywhere in "this county." In an effort to demonstrate the difficulty of obtaining affidavits, appellant offered the testimony of August Gardner, one of the former jurors who refused to sign an affidavit. However, here again, the witness testified that he did not think the minds of the people of Arkansas County were prejudiced against appellant and thought twelve jurors could be obtained from south Arkansas County as well as from the north part of the county.

We also have held that there can be no error in the denial of a change of venue if an examination of the jury selection shows that an impartial jury was selected and that each juror stated he or she could give the defendant a fair trial and follow the instructions of the court. *Berry, supra,* and *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982). Here, the voir dire examination of the jurors reveals that those chosen testified they had no preconceived notions about the case and could base their decision on the evidence presented and the instructions from the court. Additionally, the abstract of record shows that appellant used only seven of his eight peremptory challenges—a further indication that the judge's denial of a change in venue was proper.

In conclusion on the first point, appellant argues he could not make the required showing of prejudice because most people refused to sign affidavits. He relies on *Hildreth* v. *State,* 214 Ark. 710, 217 S.W.2d 622 (1949), but there, this court reversed the trial court because it refused to hear testimony on why no affidavits in support of the venue change could be obtained. Here, appellant presented affidavits, the court heard the testimony, participated in some of the examination, and denied the motion. The *Hildreth* case simply is inapposite to the situation here.

For his second point, appellant urges the trial court committed reversible error when it admitted testimony in which the witness could not identify one of two voices he heard. Delmar Schorstein, Lester Richardson's neighbor, testified that a few months prior to the fire, he heard a loud argument going on at Lester's house. Schorstein said one voice, the loudest one, was appellant's, and he assumed the other voice was that of the victim who, the witness presumed, was inside the house.

Appellant objected on the basis of A.R.E. Rule 901, arguing that there was an insufficient basis for authentication and identification of Lester Richardson as being the other party to the conversation. He also reasoned that the testimony should not have been admitted because its prejudicial effect outweighed its probative value. A.R.E. Rule 403.

The trial judge never ruled on appellant's objection. We have held numerous times that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986).

Even if it could be said that appellant had done all he could to obtain a ruling so as to have preserved this issue on appeal, we would not reverse the trial court's admission of Mr. Schorstein's testimony because, if the court erred in this respect, it was harmless. The State offered Schorstein's testimony to show animosity existed between the appellant and his uncle two months before the uncle's death. Other, more compelling, testimony was given on this same point by Schorstein's wife, Irene. Mrs. Schorstein testified that, the day before the fire, appellant told her he might have to kill his uncle. Obviously, Mr. Schorstein's testimony pales in comparison with his wife's revelation concerning appellant's expressed ill will towards his uncle. Thus, even if we agreed that Mr. Schorstein's testimony should have been excluded, the admission of that testimony was non-prejudicial error which is not a predicate for reversal. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 101 (1986).

Finding no abuse of discretion, we affirm.

Affirmed.