Bob BRITTON *v.* Sharyn Britton FLOYD

87-157                                    738 S.W.2d 408

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellant.

*Office of General Counsel Arkansas Department of Human Service*, by: *G. Keith Griffith*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from a judgment awarding child support arrearages. The issue on appeal concerns the interpretation of the Arkansas Revised Uniform Reciprocal Enforcement of Support Act, codified at Ark. Stat. Ann. §§ 34-2401—34-2442 (Supp. 1985), where conflicting child support awards were imposed by an Arkansas court and a court of another state.

The appellant, Bob Britton, and the appellee, Sharyn Britton Floyd were divorced on December 4, 1979. Floyd was granted custody of the couple's two children, and Britton was ordered to pay $44 per week for the support of his minor children. A judgment was entered against Britton on October 28, 1981, for arrearages in child support in the amount of $1,227.00, at which time the chancellor ordered future child support payments modified from $44 per week to $20 per week per child.

In November, 1983, Floyd filed a complaint in Sebastian Chancery Court for support under the Uniform Reciprocal Enforcement of Support Act (URESA). Kansas was the responding state since Britton was domiciled in Wichita. The Kansas court, on February 6, 1984, ordered Britton to pay $50 per month in child support.

In December, 1984, Floyd petitioned the Sebastian Chancery Court for an order to show cause for failure to pay child support according to the Arkansas court order of October 28, 1981, alleging Britton was now in arrears in the sum of $3,867.37. Britton answered that Floyd submitted the support issue to the Kansas court and he was in compliance with that court's order. Britton did not appear for the hearing; however, the chancery court took no action. The matter was dismissed without prejudice on December 31, 1985, as Floyd failed to request or take further action on her petition.

On October 10, 1986, the Arkansas Child Support Enforcement Unit filed a motion for judgment alleging the June 23, 1981 judgment remained unpaid and that Britton was in arrears $6,645.87 in child support since that date. The motion also averred that Britton was in a position to inherit substantial funds from an estate and that these funds should be made subject to lien.

During a hearing on November 6, 1986, the parties reached an agreement which resulted in the chancellor ordering, in part, that Britton's child support obligation remain at $20 per week, Floyd was to be granted judgment against Britton for past due child support in the sum of $7,000, and that a portion of Britton's interest in an estate in the sum of $7,000 be paid into the registry of the court. It was further agreed by the parties and the court that the parties' settlement and the resulting court order would be subject to Britton's reservation of a defense that his constitutional right to due process had been violated.

The chancellor entered his order and judgment, based on the November 6th proceedings, on February 6, 1987. During the interim, Britton filed a formal response to the Arkansas Child Support Enforcement Unit's motion for judgment, acknowledging his debt for the 1981 judgment ($1,227), but denying any arrears from the date of that judgment since the Kansas order modified the Arkansas award of child support. In this pleading, Britton raises several additional defenses, including laches.

Britton claims that he is not liable for $7,000 in arrearages inasmuch as the Kansas court order modified the Arkansas award of support from $20 per week per child to $50 per month; that he has complied with this order and that it is entitled to full faith and credit in the Arkansas courts. By arguing modification and compliance, he in fact, takes the position that the Kansas court order nullifies the previous support order of the Arkansas court and that the Kansas court order is now entitled to full faith and credit. We disagree.

Ark. Stat. Ann. § 34-2431 provides:

> A support order made by a court of this State pursuant to this Act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other State pursuant to substantially similar Act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another State shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State.

■ When considering the application of a statute, this court must construe the statute just as it reads when the legislative intent is clear from the words used. *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977); *Vault* v. *Adkisson*, 254 Ark. 75, 491 S.W.2d 609 (1973).

■ The Kansas court proceedings are not a part of the record, thus, we are unable to determine whether the Kansas court order nullified the Arkansas court order. Our statute clearly provides that a subsequent order does not nullify a prior order unless specifically provided by the court and that payments pursuant to another court's order are treated as credits against the original order. The Arkansas court gave full faith and credit to the Kansas court order because the Kansas payments were properly credited in reduction of the Arkansas obligation. See *Luckes* v. *Luckes*, 262 Ark. 770, 561 S.W.2d 300 (1978).

Britton further claims that Floyd should be barred by laches from pursuing her claim of arrearages. We do not reach this issue for it was not preserved for appeal. The chancellor provided in his order:

> 7. The agreements of the parties is entered into subject to the Defendant Britton's reservation of defense in this case, and reservation of other causes of action that Defendant may file. Specifically the Defendant Britton contends that his constitutional right to due process under the fourteenth amendment of the United States Constitution has been violated by the Plaintiff's use of the Uniform Reciprocal Enforcement of Support Act to obtain an Order for support through a Court in the State of Kansas, in an amount different than that set by this Court, so that he has conflicting obligations, and then enforcing the original Order through this Court. Further, the Defendant Britton contends that Michael C. Carter as executor of the estate of Ada Elizabeth McFadden was not properly served with process and this action.

Britton first raised this issue in a pleading after the court's hearing and pronouncements of judgment on November 6, 1986, but prior to the court's entry of its judgment of record on February 6, 1987. The court, in its order and judgment on February 6, 1987, made no reference to a reservation of the

affirmative defense of laches.

■ Although it may be argued that this issue was raised during the proceedings, we do not consider it on appeal since the matter was not brought to the attention of the trial court for ruling. The burden to obtain a ruling is on the movant, and questions left unresolved are waived and may not be relied upon on appeal. *Williams v. State*, 289 Ark. 69, 709 S.W.2d 80 (1986); *Rabjohn* v. *Ashcraft*, 252 Ark. 565, 480 S.W.2d 138 (1972); *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 510 (1987).

Affirmed.