Billy McDONALD *v.* Tony WILCOX

89-202                                    780 S.W.2d 17

Supreme Court of Arkansas
Opinion delivered November 20, 1989

*Rees Law Firm*, by: *David Rees* and *Paul J. Teufel*, for appellant.

*Snellgrove, Laser, Langley & Lovett*, by: *Malcolm Culpepper*, for appellee.

STEELE HAYS, Justice. In this personal injury case, the only issue on appeal is whether the trial court erred in denying appellant's motion in limine to exclude evidence of prior crimes to impeach the testimony of appellant and his chief witness pursuant to A.R.E. Rule 609.

On January 14, 1987, at approximately 10:30 p.m., appellant, Billy McDonald and Phillip Hazelwood were traveling south on Highway 141 in Greene County, Arkansas. At the same time and place appellee, Tony Wilcox, was driving his vehicle in a northerly direction and the two vehicles collided in appellant's lane of traffic. McDonald contended that Wilcox's car suddenly swerved into his lane of traffic, whereas Wilcox contended that McDonald's car had come into his lane and he swerved into the opposing lane attempting to avoid a collision.

It was stipulated that McDonald's blood alcohol level after the accident was .272, almost three times the legal limit for intoxication while operating a vehicle. McDonald and Hazelwood also testified they were mixing drinks just prior to the collision. The investigating police officer testified that at the time of the accident, McDonald's reactions, his motor skills and his judgment, were substantially impaired as a result of the ingestion of alcohol. He further testified that he smelled no alcohol on the breath of Wilcox and saw no indication of any source or use of alcohol by Wilcox. One of the officers testified that the speed limit

at that location was 50 mph, and by his calculations, McDonald was traveling 62 mph at the time of the accident, and Wilcox, 40 mph.

The litigation was initiated by Wilcox suing both McDonald and Hazelwood. McDonald then counterclaimed against Wilcox for both property damage and personal injuries. Prior to trial Wilcox's claims were settled and the case was tried only on McDonald's counterclaim. The jury returned a verdict in favor of Wilcox and against McDonald.

Both McDonald and Hazelwood had prior felony convictions and a motion in limine was made to exclude any mention of prior convictions "for attempted murder and assault."[1] The motion was apparently denied and appellant submits this was error under A.R.E. Rule 609. We cannot address the argument on its merits however, as deficiencies in the record preclude review.

While the Statement of Facts in appellant's brief recites that the attorneys for both parties met in chambers, that the motion in limine was heard by the trial court and the motion denied at that time, there is nothing in the record, nor consequently in appellant's appendix, to show that the motion was ever ruled on. There is no written order showing denial of the motion nor is there any record of proceedings in chambers where, appellant contends, the motion was denied.

We have held many times that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal. *Richardson v. State*, 292 Ark. 140, 728 S.W.2d 510 (1987); *Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987); *Williams v. State*, 289 Ark. 69, 709 S.W.2d 80 (1986). By appellant's failure to include any record of a ruling, we are faced with essentially the same situation on review.

We have no way of determining from the record that the trial court did in fact make a ruling, nor, assuming one was made, the nature or extent of the ruling. It may be that the trial court

---

[1] The convictions included burglary and shooting a police officer.

reserved a ruling until the evidence was more fully developed and that the issue was left unresolved. It may be that depending on the ruling, appellant waived any objection on appeal, because it was he who elicited proof of the convictions during his case in chief. The point is that with no record of a ruling we can only speculate as to whether a ruling was made and what the particulars of the ruling may have been. Obviously, for an accurate and fair review of the question, that information is critical.

Beyond that, there is the matter of the integrity of the trial court's judgment. In *City of Monticello* v. *Kimbro*, 206 Ark. 503, 176 S.W.2d 152 (1943), we noted the underlying rationale for the rule that an objection is waived when the order objected to is not included in the record:

> When the order of the circuit court . . . does not appear in the record, then, for the Supreme Court to assume the order was made . . . is in effect, to allow the record of the circuit court to be impeached on appeal, and is a refusal to import validity to the circuit court judgment. This is the fundamental reason for such holdings.

As there is no order or ruling before this court which is the basis for the point argued, there is nothing before us on which to rule. As there are no other errors complained of, the judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I am reluctant to dissent because this same mistake in trial procedure has been pointed out in many earlier previous opinions of this court. See *Britton* v. *Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987); *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987); *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986); *Collier* v. *Hot Springs S & L Assn.*, 272 Ark 162, 612 S.W.2d 730 (1981); *Gallman* v. *Carnes*, 254 Ark. 987, 497 S.W.2d 47 (1973); and *Flake* v. *Thompson*, 249 Ark. 713, 460 S.W.2d 789 (1970). Even so, I must register a protest in the present case because it is evident that the trial court overruled the motion in limine concerning the criminal conviction of the appellant and his passenger.

Although trial attorneys have a duty to see that the record is preserved for appellate purposes, it is the responsibility of the trial

judge to insure that a complete record is maintained.

Obviously, the appellant's counsel would not have introduced the very evidence he sought to exclude had the court not overruled his motion. In the appellant's statement of the case in his brief he asserts: "The trial court heard the arguments of counsel in chambers prior to the testimony of these witnesses and overruled the plaintiff's motion in limine." This assertion has not been refuted. The appellee's only comment on the subject is that the record does not reflect a ruling by the court.

I would not dissent in this case were I not totally convinced that an injustice has been done and that there will be no other opportunity to correct it. The prior convictions, for the most part, did not involve dishonesty. Moreover, one of the convictions and subsequent release from prison occurred more than fifteen years before the trial of the present case.

Even if the prior criminal convictions in this case had been rendered recently, their prejudicial effect obviously far outweighed any probative value and should have been excluded pursuant to A.R.E. Rule 609(a), which states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

The weighing of probative value against prejudicial effect must be done on a case by case basis. *Floyd* v. *State*, 278 Ark. 342, 645 S.W.2d 690 (1983). In the present case, it does not appear that the question relating to some of the prior convictions would have been used for impeachment purposes but instead to inflame the prejudices of the jury. I see no revelant connection between a battery conviction for a shooting in a pool hall and a liability determination for an unrelated automobile accident occurring several years later.

No character witnesses were involved in this case nor was the

proceeding a criminal one. When the issue of prior convictions is raised, the judge has a duty to see that he is informed of the relevancy before the evidence is admitted. *Hawksley* v. *State*, 276 Ark. 504, 637 S.W.2d 573 (1982). There is no such finding in this case.

The purpose of allowing evidence of prior convictions is, in the first place, to test the credibility of the witness—not to bolster the case against him. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984). I realize that the majority opinion does not hold that evidence of all the prior convictions was relevant and proper. However, the effect of the opinion is the same as if we were holding that the trial court properly allowed all questions on all convictions. I am convinced that the prejudicial effect outweighed the probative value of this evidence and that the trial court erroneously allowed the highly prejudicial evidence to be presented to the jury.

I would reverse and remand.