Alvin TODD *v.* Rodney SHRUM

90-36                                           787 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered April 16, 1990

84

*Walter A. Murray*, for appellant.

*Wilbur C. "Dub" Bentley*, for appellee.

DALE PRICE, Justice. On June 24, 1985, appellant Todd's mobile home was destroyed by fire. Todd brought an action against his tenant, appellee Shrum, because of the fire loss and pled *res ipsa loquitur* as well as specific acts of negligence. In a non-jury trial, the trial court found that appellant had failed to sustain his burden of proof but did not mention *res ipsa loquitur*.

In attempting to prove liability, Todd testified that Shrum told him he had cooked some french fries on the morning of the fire. He denied the existence of any electrical problems in the trailer and said he had never received a report of such problems from Shrum. Captain Billy Troy Hampton, with the Little Rock Fire Department, testified that he determined the fire had started in the kitchen in the vicinity of the stove. When asked what was on the stove that caused the fire, he said:

A. Well, they had one burner that was left on the on position. But now the circuit breaker had functioned. It had throwed itself.

Q. Which would indicate what?

A. Well, one of two things: either when the element on the stove shorted itself out, being an electric stove, you know, from one of the rings to another, it should throw the circuit breaker, or else the fire burned deep enough into the wall that it shorted out a wire . . . which would also throw the circuit breaker.

On cross-examination, the Captain testified:

Q. If [the tenant, Shrum] had told you that he had had a whole lot of trouble with the electrical circuits in that trailer, would you have investigated further?

A. Well, I would have pulled the circuit breaker out and seen if it was some kind of damage to it.

. . .

Q. [W]hen a circuit breaker is breaking, you really don't know exactly what is causing that. All you know is it is cutting off because it is getting too hot somewhere?

A. In a major fire, you are right.

Q. And you don't know . . . whether it is possible that the wiring could have got too hot in the wall?

A. Anything is possible, that's right.

Shrum testified that he had cooked french fries on Friday, but not on Monday, the morning of the fire. He also said he had had numerous electrical problems with the trailer. He told the court that the circuit breakers would trip frequently when he was running various appliances. He informed Todd of this, but no action was taken. He also told the court that on the morning of the fire, he left work for about 25 minutes to run home and get something from the refrigerator. At that time, about 2 to 2 1/2 hours before the fire, he saw nothing amiss.

Appellant asserts that the trial court erred by failing to properly apply *res ipsa loquitur* even though it was raised in his pleading. The principal reason this issue fails is that appellant did not ask the trial judge for a ruling on the issue. In *Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987), the defendant raised the defense of laches in a pleading. When the court issued its judgment, it made no reference to the laches defense. We said:

Although it may be argued that this issue was raised during the proceedings, we do not consider it on appeal since the matter was not brought to the attention of the trial court for ruling. The burden to obtain a ruling is on the movant, and questions left unresolved are waived, and may not be relied upon on appeal.

Appellant also argues that the decision of the trial court is not supported by substantial evidence. The correct standard for review is whether the trial court's ruling is clearly erroneous. *Burdette v. Madison*, 290 Ark. 314, 719 S.W.2d 418 (1986); ARCP Rule 52(a). Based upon the record before us, we find that the ruling of the trial judge was not clearly erroneous.