CARPETLAND OF NORTHWEST ARKANSAS, INC.
d/b/a Carpetland; and Philadelphia Carpet, Inc., A Foreign Corporation *v.* Gary HOWARD and Nancy Howard, Husband and Wife, Richardson-Vicks, Inc. and Personal Care Products Division, Inc.

90-102                                          803 S.W.2d 512

Supreme Court of Arkansas
Opinion delivered February 4, 1991

*Penix & Taylor*, by: *James A. Penix, Jr.*, for appellant.

*Davis, Cox & Wright*, by: *Don A. Taylor*, for appellee.

STEELE HAYS, Justice. The primary question in this product liability case concerns the defendant-manufacturers' impleader of third-party defendants under ARCP Rule 14, and what causes of action defendants—third-party plaintiffs can maintain against third-party defendants after the original plaintiffs have dismissed their claim against the defendants.

Gary and Nancy Howard sued Carpetland of Northwest Arkansas, Inc., and Philadelphia Carpet, Inc., appellants, (Carpetland) alleging that a carpet installed in their home was defective, in that orange-pink spots had appeared on the carpet throughout the house. Carpetland believed the spots were not caused by a defect in the carpet, but by benzoyl peroxide, a bleaching agent present in certain over-the-counter acne medications. Carpetland discovered that Clearasil, an acne medication containing benzoyl peroxide, had been used in the Howard home.

Armed with that information, in January 1988, Carpetland filed a third-party compliant against appellees, Richardson-Vicks, and Personal Care Products Division, Inc., manufacturer of Clearasil, (Richardson-Vicks) under ARCP Rule 14, alleging that Richardson-Vicks were liable for all or part of the Howards' claim against them. Carpetland amended the third-party complaint to include damages caused by other claims against them based on similar incidents. These claims are widely dispersed throughout the country and have been referred to by the parties as the "nationwide claim."

In April 1988, the Howards executed a release for $1,000, releasing Carpetland, Philadelphia Carpet, Richardson-Vicks and Personal Care Products from all liability. On April 22, 1988, the trial court granted an oral motion to dismiss the Howard complaint with prejudice.

Richardson-Vicks then moved for summary judgment against Carpetland on the theory that Carpetland no longer had a claim based on indemnity. Carpetland resisted, contending the nation-wide claim against Richardson-Vicks and Personal Care Products still existed and that they had incurred attorneys fees, costs and loss of goodwill in the Howard case, for which Richardson-Vicks should indemnify them.

A hearing was held and the trial court dismissed the third-party complaint in its entirety on the premise that Carpetland had made a voluntary settlement with the Howards which extinguished any claim Carpetland might then have based on indemnity. On appeal, Carpetland argues two points: the trial court erred by dismissing the claim for damages incurred in connection with the Howards' action and by dismissing the claim based on the nationwide losses.

With respect to the Howard claim, the trial court found that because Carpetland had voluntarily settled with the Howards, they were not entitled to indemnification. *Larson Machine, et al. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980). Carpetland does not dispute the court's finding that their actions were voluntary, but they do object to the legal conclusion of the trial court attendant on this finding. We cannot sustain the argument.

*Larson* states that the theory of indemnity is based on

"equitable principles of restitution which permit one who is compelled to pay money, which in justice ought to be paid by another, to recover the sums so paid. . . ."

> It is a general rule of law that the indemnitee on an implied covenant for indemnity against loss or damage cannot recover from the indemnitor upon a mere showing that the indemnitee had incurred liability, but he must show that he has suffered actual loss by payment or satisfaction of a judgment or *by other payment under compulsion.* [Our emphasis].

That is generally correct, but it must be noted that "compulsion" to pay is not confined to a judgment or court order:

> Indemnity against losses does not cover losses for which the indemnitee is not liable to a third person, and which he improperly pays. But a person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. The fact of voluntary payment does not negative the right to indemnity since a person confronted with an obligation that he cannot legally resist is not obligated to wait to be sued and to lose a reasonable opportunity for compromise. Such recovery is subject to proof of liability and the reasonableness of the amount of the settlement. 41 Am. Jur. 2d *Indemnity,* § 33 (1968).

And it is also stated in *Morrissette v. Sears Roebuck & Co.,* 322 A.2d 7 (N.H. 1974):

> While a prejudgment payment in settlement does not extinguish a right of indemnity [citation omitted], the third-party plaintiff must show that the settlement was made under legal compulsion, rather than as a mere volunteer. . . .

Carpetland has made no showing in this regard. Thus, Carpetland's exposure to a judgment, the advisability of reaching a settlement, or the reasonableness of the amount are not matters of record. Consequently, the trial court was correct in finding Carpetland acted voluntarily and that the claim of the Howards, and any costs as a result of that claim, were extinguished as a

matter of indemnity as between Carpetland and Richardson-Vicks.

As to the claim based on nationwide losses, the basis for the dismissal with prejudice is not stated in the trial court's letter opinion. At the hearing, the trial court gave two reasons for dismissing the nationwide claim. The first was that ARCP Rule 14 does not allow extended claims, and second, even if it did, the nationwide claim was too unwieldy and inconvenient for that court to manage. The trial court's letter opinion is not explicit, merely noting that:

> As I indicated over a year ago, it is my intention to dismiss the nationwide claims by Carpetland and Philadelphia Land Carpet Division of Shaw Industries.

We are not aware of any cases of our own touching on whether Rule 14 would allow expanded claims against a third-party defendant, so we have looked to the nearly identical federal rule for guidance. While Rule 14 requires that the claims be against a party secondarily liable to the defendant and be based on defendant's liability to plaintifff, Rule 14 must be construed in conjunction with the other rules to give as much effect as possible. C. Wright, A. Miller and M. Kane, *Federal Practice & Procedure: Civil 2d* § 1442 (1990). In this case, it must be read in conjunction with Rule 18 and Rule 42. Rule 18 reads: "A party asserting a claim for relief as any original claim, counterclaim, cross-claim, or third-party claim may join either as independent or as alternate claims, as many claims as he may have against an opposing party, provided, that nothing herein shall affect the obligation of a party under Rule 13(a) [Compulsory counterclaims]." *See* Wright, *supra* § 1452.

Wright concludes a trial court should, under the rules, allow joinder of claims such as those in the cases before us, even if brought in under Rule 14. However, that is not the end of Wright's analysis:

> Once a court has determined that a proper third-party claim has been asserted, it should allow joinder of any other claims the third-party plaintiff may have against the third-party defendant. . . .

It also should be noted that Rule 18 deals only with the

permissibility of *joining* additional claims to third-party claims under Rule 14. As the Advisory Committee commented in its Note to the 1966 amendment to Rule 18: *'A claim properly joined as a matter of pleading need not be proceeded together with other claims if fairness or convenience justifies separate treatment.' Therefore, separate trials or severance still are available when proper.* Wright, *supra*, § 1452. [Our emphasis].

Whether the trial court chooses to hear all the claims together, or orders severance under Rule 42, is largely discretionary. Discussing the relationship between Rule 18(a) and Rule 42(b), Wright states:

The 1966 amendment eliminated any confusion on the point, and it now should be clear that the court actually had no discretion to determine what claims a party may or may not join in his pleading. As a practical matter however, Rule 18(a) must be read in conjunction with the practice under Rule 42(b), *which gives the court extensive discretionary power to order separate trials of claims or issues.* [Our emphasis]. Wright, *supra*, § 1586.

We believe the trial court was mistaken in its finding that it was not allowed to expand Rule 14 to the extent Carpetland proposed, adverting to unwieldiness and inconvenience. Nor do we find a basis in the record for the dismissal of the nationwide claim with prejudice. Under Rule 18, the trial court may sever causes at its discretion but may not dismiss them. If the trial court had in mind the doctrine of *forum non conveniens*, Ark. Code Ann. § 19-4-101E (1987), that, too, would be erroneous, except upon a showing of factors wholly absent from this record. *Country Pride Foods, Ltd.* v. *Medina & Medina*, 279 Ark. 75, 648 S.W.2d 485 (1983). If the assumption was that ARCP Rule 14 gave the trial court discretion to hear or not to hear claims against third-parties, that is not correct, it could hear the claims or sever them.

Appellants have raised one further point. Following the hearing on the dismissal of Carpetland's third-party complaint, they moved for ARCP Rule 11 sanctions against Richardson-Vicks on a number of grounds. In response, Richardson-Vicks essentially denied the allegations and sought sanctions on their

own behalf. No hearing or further motions were taken on the issue of sanctions and we find no mention in the record of a ruling on the motions for sanctions.

We have held many times that the burden of obtaining a ruling is on the movant. Objections and matters left unresolved are waived and may not be relied upon on appeal. *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989); *Mine Creek Contractors, Inc.* v. *Grandstaff*, 300 Ark. 516, 789 S.W.2d 543 (1989); *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 510 (1987); *Britton* v. *Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987). Here, not only did appellants fail to get a ruling, they failed to request or pursue a hearing which would have been necessary in order to resolve the factual issues on the sanctions claims. *See Bratton* v. *Gunn*, 200 Ark. 1409, 777 S.W.2d 219 (1989). There is nothing on appeal for us to review in this case, and the question is waived.

Affirmed in part, reversed in part and remanded.

CORBIN and BROWN, JJ., not participating.