Larry W. LAWSON *v.* ST. FRANCIS COUNTY
ELECTION COMMISSION, et al.
Mary O. Brown *v.* St. Francis County Election Commission,
et al.

91-312                                                827 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered April 6, 1992
[Rehearing denied May 11, 1992.*]

*Sharpe & Beavers*, by: *Harold Sharpe*, for appellants.
*Butler, Hickey & Long*, by: *Fletcher Long, Jr.*, for appellees.
ROBERT L. BROWN, Justice. This case concerns the validity

---

*Glaze, J., would deny rehearing, but with opinion of clarification.

of a local option wet/dry election for the City of Colt. The election was held on November 6, 1990, and the decision was against Colt's remaining wet. Contests to the original election petitions and to the election itself were filed by appellants Lawson, Brown, and others, and the circuit court denied those petitions. In the case of the contest of appellant Brown, the court found that it was not timely filed. We affirm the circuit court's decision.

On July 23, 1990, petitions were filed by a number of Colt residents requesting an election on whether alcoholic beverages should be sold in Colt. Formal verification of the signatures by the circulator, Lucy Gilbert, did not accompany all of the petitions. On October 4, 1990, the St. Francis County Election Commission questioned the absence of the verifications, and the petition circulator signed a verification for those deficient pages and attached the verifications to those signature pages on that date. On October 15, 1990, appellant Lawson, who sold beer at his retail grocery store for off-premises consumption, filed a petition against the Election Commission contesting the sufficiency of the petitions and included in his petition a challenge to the sufficiency of the jurat of the circular. The Election Commission responded that the petitions substantially complied with the law.

The election was held on November 6, 1990, and the drys won. On November 13, 1990, the results were certified by the Election Commission and left in the St. Francis County Clerk's office. The results were subsequently forwarded to the St. Francis County Judge, who signed an order approving the certification on November 29, 1990. This order was filed with the County Clerk on November 30, 1990.

On December 4, 1990, Lawson amended his original petition to include allegations of invalid ballots and destruction of ballots cast in the November 6, 1990, election. On December 14, 1990, a second petition for an election contest was filed by appellant Brown and others, which included several allegations:

     a.   The absence of a sufficient jurat on several pages of the July 23, 1990, petitions.

     b.   The absence of certification that thirty percent of the qualified electors had signed the petitions for election.

     c.   The doubtful propriety of certain votes cast.

d.   The absence of a map accompanying the election results.

The Election Commission responded that the contest had not been filed within ten days after certification as required by law.

On January 31, 1991, the Lawson case and the Brown case were consolidated for trial, and trial commenced on that same date. On March 29, 1991, the circuit court entered judgments in both cases after advising the parties of his decision by letter opinion dated March 11, 1990. In the Lawson case, he found that the inadequacy of the petitions for election was cured by the verifications of Lucy Gilbert which were added to the signatures on October 4, 1990, and by her testimony at trial. In the Brown case, he found that the election contest was not timely filed and even if it had been, the appellants had not shown that the absence of the alleged improprieties would have changed the election's outcome.

We discuss the Lawson appeal first. We will not reverse a finding of fact of the circuit court unless it is clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a); *Henard v. St. Francis Election Comm'n,* 301 Ark. 459, 784 S.W.2d 598 (1990). The circuit court found that any inadequacies in the petitions for election were cured by the circulator's verifications notarized by the St. Francis County Deputy Clerk and by the circulator's testimony at trial. Both the Chief Deputy County Clerk and the County Clerk for St. Francis County testified that they checked the petitions against registered voter lists for Colt. We hold that the circuit court's refusal to invalidate the election, as requested by appellant Lawson, was not error.

Lawson also raises the issue that the county clerk failed to certify that thirty percent of the qualified electors in Colt signed the petition under Ark. Code Ann. § 3-8-205 (1987). He also asserts that the election petitions were not filed within the proper time period and were not properly certified forty days before the election as required under Ark. Code Ann. § 14-14-915(b) (1987). However, no resolution of these points was obtained from the circuit court. Neither the letter opinion of the court nor the judgment in the Lawson case precisely decides these issues, and no post-judgment motion was filed by Lawson to clarify the court's decision. We have made it clear in the past that

we will not consider unresolved issues for the first time on appeal. *See, e.g., McElroy* v. *Gresham,* 306 Ark. 4, 810 S.W.2d 933 (1991); *Todd* v. *Shrum,* 302 Ark. 83, 787 S.W.2d 240 (1990); *Britton* v. *Lloyd,* 293 Ark. 397, 738 S.W.2d 408 (1987).

Appellant Brown argues for her first point that her petition to contest the election was timely filed on December 14, 1990. We disagree. The circuit court found that the election results were certified on November 13, 1990, and left in the St. Francis County Clerk's office, according to the Chief Deputy County Clerk. Despite the certification date, the contest by appellant Brown and others was not filed until December 14, 1990, which was thirty-one days later. Whether the time frame for filing a contest is ten days as the appellee advances and as the circuit court found under Ark. Code Ann. § 3-8-309 (1987) or twenty days as appellant Brown contends under Ark. Code Ann. § 7-5-801 (1987) is irrelevant, because under either calculation, the petition was not timely filed.

Appellant Brown argues that the certification actually occurred when the county judge approved the document on November 30, 1990. The Local Option Code, though, does not require county judge approval to effect certification but only delivery to the county clerk, which was done on November 13, 1990, according to testimony. *See* Ark. Code Ann. § 3-8-306(a) (1987). Moreover, we have upheld as a timely filing the delivery of a pleading to and its acceptance by a clerk. *See Henard* v. *St. Francis County Election Comm'n, supra; Stanislaus* v. *Austin,* 202 Ark. 441, 150 S.W.2d 610 (1941).

The circuit court was, therefore, correct in dismissing the Brown petition, and we affirm that decision. Because the petition was untimely, we do not reach the merits.

Affirmed.