Mark E. GARDNER *v.* STATE of Arkansas

CR 86-163                                              764 S.W.2d 416

Supreme Court of Arkansas
Opinion delivered February 3, 1989

*Mark Cambiano*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen.,

542

for respondent.

PER CURIAM. ■ The petitioner Mark Edward Gardner was found guilty in the Circuit Court of Sebastian County of two counts of capital murder and sentenced to death on each count. We affirmed. *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Petitioner now seeks permission to proceed pursuant to Criminal Procedure Rule 37. He has also filed a motion to amend. As the amendment raises no ground for post-conviction relief not raised in the original petition, the motion is denied. Petitioner's sole ground for relief under Rule 37 is that the aggravating circumstance found to exist by the jury in the sentencing phase of his bifurcated trial has since been invalidated. The invalidation is alleged to have come about because a conviction for a prior violent felony which formed the basis for the jury's finding of an aggravating circumstance in the sentencing phase of petitioner's trial has since been reversed on appeal. We must initially determine whether an attack on a death sentence by means of an allegation that an aggravating circumstance has been invalidated after trial is within the scope of our post-conviction rule.

■ Rule 37 provides a remedy when a conviction and sentence were: (1) obtained in violation of the constitution and laws of the United States or of this state; (2) the court imposing sentence was without jurisdiction to do so; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Rule 37.1. The sentence here clearly was not unconstitutional or unlawful when imposed. It did not exceed that authorized by law and was imposed in a court with jurisdiction to impose it. All that remains is whether the challenge raised by petitioner constitutes a collateral attack or a direct challenge to the conviction. If it is a direct challenge in the form of new evidence to attack the sentence, it is not cognizable under Rule 37. *See Malone* v. *State*, 294 Ark. 127, 741 S.W.2d 246 (1987); *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984). We conclude that the question raised by petitioner constitutes a direct attack on the evidence used to establish an aggravating circumstance which was proved at trial and as such cannot be raised under Criminal Procedure Rule 37; but even if the allegation were considered a collateral attack, it would have no merit under the facts of this case.

At the sentencing phase of petitioner's trial, the state proved beyond a reasonable doubt the aggravating circumstance that petitioner had previously committed another felony an element of which was the use or threat of violence to another person or creating a substantial risk of death or serious physical injury to another person. Ark. Code Ann. § 5-4-604(3) (1987). To establish the existence of the aggravating circumstance, the prosecution introduced judgments from Illinois entered in 1974 which reflected that petitioner had been found guilty of robbery and aggravated robbery and also called as witnesses a couple from Illinois who testified as to violent crimes committed against them by petitioner in that state in 1985 for which petitioner had not yet been tried. Petitioner based his argument for post-conviction relief on the claim that "the conviction upon which [his] death sentence was based has been reversed on appeal." He does not state whether he has reference to one of the 1974 convictions or the convictions ultimately obtained for the offenses against the couple in 1985. Moreover, he states that he has attached to his petition a copy of the reversal of the Illinois Court of Appeals, but the document attached is an order of an Illinois circuit court dismissing five indictments which appear to be from 1985 and 1986 which bears a notation indicating that the reason for not pursuing the charges is that petitioner Gardner had already been sentenced to serve ninety years in the Illinois Department of Correction on a charge filed in 1985 and is under a death sentence in Arkansas. If it is assumed from the dates on the indictments that petitioner is not referring to the 1974 crimes, there is still no way to know whether the indictments are for crimes against the couple who testified at trial as there is no reference to the names of the victims or other information to link the indictments to the couple. The state in its response asserts categorically that none of the indictments pertains to petitioner's Arkansas death sentence and further that it can produce certified documents from the Illinois Court of Appeals which show that petitioner was convicted of the crimes against the couple who testified and that the convictions were duly affirmed on appeal.

■ Assuming for the sake of argument that petitioner is accurate that the convictions have been reversed, he has nevertheless stated no cause to vacate the death sentence imposed at his trial. He relies on the recent case of *Johnson* v. *Mississippi*, 486

U.S. ___, 108 S. Ct. 1981 (1988), to support his argument that he is entitled to have his death sentence vacated, but *Johnson* can be distinguished. In *Johnson*, the jury found the existence of three aggravating circumstances, one of which was that Johnson had been previously convicted of a felony involving the use or threat of violence to another person. The sole evidence of the prior felony was a document reflecting a conviction for assault to commit rape. The assault conviction was overturned on appeal after trial, and the United States Supreme Court concluded that since the assault conviction was invalid and the prosecutor had presented no evidence of the conduct underlying it, *Johnson* was entitled to be resentenced. *Johnson* is not applicable to petitioner's case because at petitioner's trial the jury heard detailed direct testimony by the victims of the prior violent felony and other evidence which established the nature of petitioner's conduct. In addition to their testimony, there was further evidence of the crimes against them introduced in the sentencing phase of petitioner's trial. The aggravating circumstance was thus proved by evidence adduced at trial of the commission of violent acts rather than by proof of a conviction, a practice which this court has upheld. *See Miller* v. *State*, 280 Ark. 551, 660 S.W.2d 163 (1983). We held on appeal that the state had met its burden in petitioner's case of proving the aggravating circumstance, and petitioner has offered no meritorious challenge to his death sentence whether the challenge be considered direct or collateral.

Petition and motion denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This court appears for the first time to hold that upon post-trial vacation of a felony which had been used as an aggravating circumstance in petitioner's capital felony murder trial, the use of the vacated sentence at his trial cannot be the subject of a Rule 37 petition. The court today holds that such use of a conviction subsequently vacated cannot be directly or collaterally attacked through a Rule 37 petition. In my opinion, this decision flies in the face of Rule 37. Moreover, the recent case of *Johnson* v. *Mississippi*, 486 U.S. ___, 108 S. Ct. 1981 (1988), requires that this matter be given consideration by this court.

The majority in this case appears to make the same argu-

ment that the Mississippi Supreme Court used in *Johnson.* When other cases were attacked on direct appeal on similar grounds, the Mississippi court had held that the matter should have been presented in a post-conviction proceeding. However, in *Johnson*, a post-conviction proceeding, the Mississippi court held that the matter should have been pursued in a direct attack. The U.S. Supreme Court reversed, holding that the use of this aggravating circumstance violated the Eighth Amendment's prohibition of cruel and unusual punishment.

In my opinion, *Johnson* v. *Mississippi* is controlling in the present case, unless we are able to distinguish *Johnson* in a different manner than the majority opinion. If we can say, as the majority implies, that the vacated conviction was not the one used as an aggravating circumstance, then the problem is solved. However, if the vacated sentence was in fact used as an aggravating circumstance, then this court must take further action. The only way we are going to know which conviction was vacated is to grant this petition and allow a hearing to be held in the trial court.

The majority reasons that in spite of the vacation of the sentence, the state still proved the commission of a prior violent felony. How can there be proof that a felony has been committed without proof of a conviction? Are we as individuals permitted to decide what acts constitute a felony? Or was the capital felony sentencing jury in effect permitted to "retry" the vacated sentence? The sentencing procedure condoned in this case constitutes double jeopardy as well as cruel and unusual punishment.

The majority opinion takes further liberties with the law concerning aggravating circumstances. In order for the commission of a prior felony to be used as an aggravating circumstance, Arkansas Code Annotated § 5-4-604(3) (1987) requires that "The person previously *committed another felony*, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person." (Emphasis added.) This provision does not include the "violent acts" relied upon in the majority opinion. Clearly the provision requires that the person "previously committed another felony" in order for the act to be used as an aggravating circumstance. The petitioner's conviction in this case may have been vacated.

It is my opinion that this petition should be granted in order that we might at least know the basis of our decision. I cannot agree that Rule 37 is an improper vehicle to attack a sentence in this manner.