137 Nev., Advance Opinion **48**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SAMUEL HOWARD,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 81278 |
| SAMUEL HOWARD,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 81279<br><br>**FILED**<br><br>SEP 16 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Consolidated appeals from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Reversed and remanded.*

Hendron Law Group LLC and Lance J. Hendron, Las Vegas; Federal Defender Services of Idaho and Jonah J. Horwitz and Deborah A. Czuba, Boise, Idaho,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan VanBoskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, EN BANC.

21-26895

*OPINION*

By the Court, HERNDON, J.:

Appellant Samuel Howard was sentenced to death after being found guilty of first-degree murder. His death sentence currently depends on a single aggravating circumstance—a New York conviction for a felony involving the use or threat of violence to another person. However, a New York court recently vacated the conviction and dismissed the charge. Based on the fact that the conviction supporting the sole aggravating circumstance has been vacated, Howard argues that he is now actually innocent of the death penalty such that he overcomes the procedural bars that apply to his postconviction habeas petition and that his sentence violates the Eighth Amendment. We agree with both contentions. The aggravating circumstance at issue requires a conviction for, not just the commission of, a prior violent felony, and Howard no longer has such a conviction. We further conclude Howard promptly sought relief from the Nevada death sentence after the New York court's decision. Accordingly, we reverse the district court's order denying the postconviction habeas petition and remand for the district court to grant the petition and conduct a new penalty hearing.

*BACKGROUND*

In 1983, a jury convicted Howard of two counts of robbery with the use of a deadly weapon and one count of first-degree murder with the use of a deadly weapon. *Howard v. State*, 106 Nev. 713, 716, 800 P.2d 175, 177 (1990), *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 1072, 13 P.3d 420, 432 (2000). Although a jury sentenced him to death based on two aggravating circumstances, *id.* at 720, 800 P.2d at 179, this court later invalidated one of them. *Howard v. State*, Docket No. 57469 (Order of Affirmance, July 30, 2014). The remaining aggravating

SUPREME COURT
OF
NEVADA



(O) 1947A

circumstance relied on Howard's 1979 conviction in New York for a felony offense that involved the use or threat of violence to another person—robbery. But in 2018, a New York court vacated the 1979 conviction and dismissed the indictment. Not long after, Howard filed a postconviction petition for a writ of habeas corpus claiming his death sentence constitutes cruel and unusual punishment because the prior-violent-felony-conviction aggravating circumstance is invalid in light of the order vacating the New York conviction. The district court denied the petition as procedurally barred and barred by statutory laches, and Howard appealed.

## DISCUSSION

Because Howard filed his petition over one year after the remittitur issued on his direct appeal, the petition was untimely under NRS 34.726(1). The petition was also untimely because it was filed more than 25 years after the January 1, 1993, effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92. Further, the petition was successive because Howard had previously litigated five postconviction habeas petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Howard could overcome these procedural bars by demonstrating that failure to consider any constitutional claims in his petition would result in a fundamental miscarriage of justice because he is actually innocent (the "actual innocence gateway").[1] *See Lisle v. State*, 131 Nev. 356, 361, 351 P.3d 725, 729-30 (2015) ("Where a petition is procedurally barred and the petitioner cannot demonstrate good cause, the district court may nevertheless reach the merits of any constitutional

---

[1]Howard also could overcome these procedural bars by showing good cause and actual prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3). Here, we focus on the actual innocence gateway because Howard's arguments in that respect have merit, and therefore we need not determine whether he also demonstrated good cause and actual prejudice.

claims if the petitioner demonstrates that failure to consider those constitutional claims would result in a fundamental miscarriage of justice. A fundamental miscarriage of justice requires a colorable showing that the petitioner is actually innocent of the crime or is ineligible for the death penalty." (citation and internal quotation omitted)).

For his gateway claim, Howard argues that he is actually innocent of the death penalty. Where a petitioner claims he is actually innocent of the death penalty, the "focus [is] on the objective factors that make a defendant eligible for the death penalty, that is, the objective factors that narrow the class of defendants for whom death may be imposed." *Id.* at 367-68, 351 P.3d at 734. Those objective factors are the elements of the capital offense and the statutory aggravating circumstances. *Id.* at 367, 351 P.3d at 733. Here, Howard's gateway claim is focused on the sole remaining aggravating circumstance—that it is no longer valid because the New York conviction supporting it has been vacated.[2] *See State v. Bennett*, 119 Nev. 589, 597-98, 81 P.3d 1, 6-7 (2003) (applying an actual innocence gateway based, in part, on the legal validity of an aggravating circumstance).

At the relevant time, NRS 200.033(2) provided that first-degree murder is aggravated if "[t]he murder was committed by a person who was

---

[2]The State suggests that this court has already rejected a challenge to this aggravating circumstance and therefore the law-of-the-case doctrine bars the current challenge. We disagree because the facts are substantially different than before, most notably Howard's New York conviction has since been vacated. *See Hsu v. County of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007) (recognizing exceptions to the doctrine of the law of the case that have been adopted by federal courts); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) (explaining that the doctrine of the law of the case prohibits subsequent claims "in which the facts are substantially the same" (internal quotation omitted)).

previously *convicted* of another murder or of a felony involving the use or threat of violence to the person of another." 1981 Nev. Stat., ch. 771, § 19, at 2011 (emphasis added). In proving that aggravating circumstance at the penalty hearing, the State relied on Howard's New York conviction. But a New York court has since vacated the conviction and dismissed the matter. Consequently, there is no conviction to satisfy NRS 200.033(2). The State, however, suggests the aggravating circumstance survives the New York court's order based on the substantive evidence the State presented at the penalty hearing about the facts underlying the now-vacated New York conviction. It argues that evidence shows Howard committed a violent felony in New York. That evidence does not, however, satisfy the statute's plain language, which requires a "conviction" and not merely the commission of a crime. 1981 Nev. Stat., ch. 771, § 19, at 2011. Thus, cases from other states with a statute that focuses on the defendant's "commission" of a violent felony are not persuasive. *See, e.g., Gardner v. State*, 764 S.W.2d 416, 418 (Ark. 1989). Given that the statute clearly requires a conviction, we cannot salvage the aggravating circumstance based on the other evidence the State presented at the penalty hearing. *Cf. Johnson v. Mississippi*, 486 U.S. 578, 585-86 (1988) (concluding that a death sentence had to be reexamined where one of the aggravating circumstances was based on a prior conviction for a violent felony and the conviction had since been reversed, declining to consider whether the aggravating circumstance could be sustained based solely on evidence of the conduct underlying the reversed conviction where the prosecutor did not introduce any such evidence, and noting that "[s]ince that conviction has been reversed, unless and until petitioner should be retried, he must be presumed innocent of that charge"). Because the only aggravating

SUPREME COURT
OF
NEVADA

(O) 1947A

5

circumstance supporting Howard's death sentence is no longer valid, he is ineligible for the penalty. *See* NRS 200.030(4)(a) (requiring "one or more aggravating circumstances" for a sentence of death). Thus, Howard demonstrated that he is actually innocent of the death penalty, establishing a fundamental miscarriage of justice to overcome the procedural bars to his untimely and successive petition. Accordingly, we conclude that the district court erred by dismissing the petition as procedurally barred under NRS 34.726 and NRS 34.810.

The State alternatively argues that the district court properly dismissed the petition because Howard did not exercise reasonable diligence. The State's argument is based primarily on NRS 34.800, which allows a district court to dismiss a petition if delay in filing it prejudices the State in responding to the petition or in its ability to retry the petitioner.[3] NRS 34.800(1). Where, as here, the petition was filed more than five years after a decision on direct appeal, the statute imposes a rebuttable presumption of prejudice to the State in its ability both to respond to the petition and to retry the petitioner. NRS 34.800(2). Relevant here, to overcome the presumption of prejudice as to the State's ability to respond to the petition, Howard had to show "that the petition is based upon grounds

---

[3]The State further points to NRS 34.726 and NRS 34.960 as support for a diligence requirement. The State's reliance on NRS 34.726 is misplaced, given that Howard asserts actual innocence as a gateway to obtain review of a claim otherwise barred by NRS 34.726. And the State's reliance on NRS 34.960 is also misplaced, given that the statute did not exist when Howard filed the at-issue petition in 2018 and does not apply to that petition. *See* 2019 Nev. Stat., ch. 495, §§ 1-9, at 2976-81 (adopting provisions codified as NRS 34.900-.990).

of which [he] could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the State occurred."[4] NRS 34.800(1)(a). The State argues, and the district court agreed, that Howard did not exercise reasonable diligence because he waited too long to seek relief from the New York conviction.

The State's argument is flawed. NRS 34.800(1)(a) asks about reasonable diligence as to the ground(s) on which the petition seeks relief. Here, the substantive ground for relief asserted in the petition (an Eighth Amendment violation) depends on the New York court's order vacating the New York conviction. The same is true of the actual-innocence-gateway claim, assuming that it also is subject to the reasonable diligence showing. Howard promptly filed his Nevada petition after the New York court vacated the conviction. And we are not convinced that Howard needed to

---

[4]To overcome the presumption of prejudice as to the State's ability to retry him, Howard had to show "that a fundamental miscarriage of justice has occurred in the proceedings resulting in the judgment of conviction or sentence." NRS 34.800(1)(b). The focus on a fundamental miscarriage of justice similarly animates our actual-innocence-gateway caselaw, which equates a fundamental miscarriage of justice that is sufficient to overcome the procedural bars to an untimely or successive petition with a showing of actual innocence. *See, e.g.*, *Lisle*, 131 Nev. at 361, 351 P.3d at 729-30. It thus appears that a successful actual-innocence-gateway claim would necessarily satisfy the showing required under NRS 34.800(1)(b). *See* *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (suggesting that a fundamental miscarriage of justice required to overcome the procedural bars to an untimely or successive petition and to rebut the presumption of prejudice to the State in conducting a retrial can be satisfied with a showing of actual innocence); *see also Berry v. State*, 131 Nev. 957, 974, 363 P.3d 1148, 1159 (2015) (indicating that if petitioner could not show a fundamental miscarriage of justice for purposes of an actual-innocence-gateway claim, his petition would also be barred by laches). The State does not argue otherwise.

show reasonable diligence in obtaining relief from the New York conviction to satisfy his burden under NRS 34.800(1)(a). In particular, Howard obtained relief in New York because of unreasonable delay by the New York prosecutor's office. Thus, to suggest that Howard could have obtained the same relief in New York at some unidentified and speculative earlier time, when the prosecutor's delay would not have been as significant, creates a catch-22 situation. *See Catch-22, Webster's Ninth New Collegiate Dictionary* (1983) (defining "catch-22" as "a problematic situation for which the only solution is denied by a circumstance inherent in the problem or by a rule"). In these circumstances, we conclude that the district court abused its discretion to the extent it dismissed the petition under NRS 34.800.

The remaining question then is whether the substantive Eighth Amendment claim has merit. It does. Howard claimed that his death sentence violates the Eighth Amendment because the only aggravating circumstance is invalid and he therefore is ineligible for the death penalty. That claim depends on the same underlying premise as the actual-innocence-gateway claim, which we have determined has merit. As a result of the New York court's order, there are no aggravating circumstances remaining in this case to narrow the class of persons eligible for the death penalty. The death sentence therefore constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See McConnell v. State*, 120 Nev. 1043, 1063, 102 P.3d 606, 620-21 (2004) (recognizing that the constitutional prohibition against cruel and unusual punishment requires a sentencing scheme that "genuinely narrow[s] the class of person eligible for the death penalty" (internal quotation omitted)). Because our decision as to the actual-innocence-gateway claim necessarily disposes of the substantive Eighth Amendment claim, we need not remand for the district court to consider the

Supreme Court
OF
Nevada

(O) 1947A

8

substantive claim. Howard is entitled to a new penalty hearing. *See State v. Harte*, 124 Nev. 969, 975, 194 P.3d 1263, 1267 (2008) (concluding that a new penalty hearing was the appropriate remedy when the sole aggravating circumstance found by the jury had been invalidated). We therefore reverse the district court's order and remand for proceedings consistent with this opinion.

_____, J.
Herndon

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

